ROSENSTOCK et al. v. LAUE.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. PLEADING (§ 94*)—SEPARATE DEFENSES.

Each separate and distinct defense must be complete in itself, and if each does not state facts sufficient to defeat plaintiff's cause of action, or some part thereof, it is not sufficient on demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 191, 192; Dec. Dig. § 94.*]

2. ADJOINING LANDOWNERS (§ 4*)—EXCAVATION—DUTY TO PROTECT ADJOINING BUILDINGS—"PERSONS CAUSING EXCAVATION."

Consolidation Act (Laws 1882, c. 410) § 474, provides that, whenever an excavation for building or other purposes shall be carried to more than 10 feet below the curb, the person causing such excavation shall preserve the adjoining walls and structures from injury. Held that, where a landowner directed either his servants, agents, or an independent contractor to make an excavation, such owner is the "person causing it to be made," and if the excavation exceeds the 10-foot depth and injures the buildings of an adjoining owner, it is no defense that the work was done by an independent contractor, without interference by the owner of the land on which it was being made.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. § 16; Dec. Dig. § 4.*]

Appeal from Special Term, New York County.

Action by Bernhard Rosenstock and another against Charles Laue. From an interlocutory judgment (67 Misc. Rep. 251, 122 N. Y. Supp. 525), sustaining a demurrer to the second affirmative defense in the answer, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Robert Thorne and Herbert K. Stockton, for appellant.
Samuel Hellinger, for respondents.

INGRAHAM, P. J. The cause of action alleged in the complaint is to recover the damages sustained by the paintiffs, as the owners of Nos. 88 and 90 Walker street, in the city of New York, caused by the excavation upon the adjoining property owned by the defendant for the erection of a building upon the defendant's property, which excavation exceeded more than 10 feet below the curb.

The answer admits the ownership of the premises upon which the excavation was made by the defendant and the erection thereon by him of an eight-story building. The answer then denies the other allegations of the complaint, and "for a separate, distinct, affirmative defense to the said complaint" alleges that on or about the 11th day of July, 1907, the defendant entered into a contract in writing with one Duffy, who thereby agreed to make the excavation on the premises

known as 92 and 94 Walker street according to specifications to be furnished; that the said specifications were furnished to Duffy, which provided that the depth of said excavation should be 10 feet below the curb, and that all excavations were to be properly protected as required by law; and that said Duffy took possession of and had entire and exclusive control and management of the work, workmen, and furnishing of materials under his contract, and that said Duffy was in possession of the said premises at the time of the alleged injury to the plaintiff's alleged building mentioned in the complaint, and that neither said Duffy nor his agents or employés were in any sense servants of the defendant.

The rule is well settled that each separate and distinct defense must be complete in itself, and if each separate and distinct defense does not state facts which would be sufficient to defeat the plaintiff's cause of action, or some part thereof, it is not sufficient upon demurrer. By section 1 of chapter 6 of the Laws of 1855 it was provided that, whenever excavations commenced for building or other purposes on any lot or piece of land in the city and county of New York shall be intended to be carried to the depth of more than 10 feet below the curb, the person causing such excavation to be made should at all times from the commencement to the completion thereof, if afforded the necessary license to enter upon the adjoining land, preserve any adjoining or contiguous building from injury and support the same by proper foundations. Under this statute it was held in Dorrity v. Rapp, 72 N. Y. 307, that the owner of a lot adjoining a building was the person who caused the excavation to be made when such excavation was made under a contract with a third party, and the fact that such a contract was made did not exempt the owner from the performance of the duty imposed by statute. This act of 1855 was re-enacted as section 474 of the Consolidation Act (chapter 410, Laws of 1882), and remained in force until the enactment of the Building Code of the city of New York. Section 22 of the Building Code, which took the place of this provision of section 474 of the consolidation act, provides that, "whenever an excavation of either earth or rock for building or other purposes shall be intended to be or shall be carried to the depth of more than ten feet below the curb," the person causing such excavation to be made shall preserve the adjoining walls and structures from injury.

This complaint alleges as a fact, which is not denied by this separate defense, that the excavation was actually carried to a depth of more than 10 feet below the curb, and thus the defendant is liable for the resulting injury to the adjoining property, if he was the person causing such excavation to be made. The fact that a person under a contract with the owner of the land actually made the excavation would not relieve the owner from liability, if the owner could be said to be the person causing the excavation to be made. The liability of the owner of land does not at all rest upon the fact that the contractor, when he came to make the excavation, was the agent of the owner, or that the owner was responsible upon the principle of respondeat superior. What this provision was clearly intended to accomplish was a

determination of the obligation resting upon the owners of adjoining buildings, so that the owner of property was relieved from liability for an injury to adjoining property caused by an excavation on his own land which was not more than 10 feet in depth, but imposing such a liability where he caused an excavation on his own land which exceeded 10 feet in depth. In the latter case the statute makes it the duty of the person causing the excavation to be made to support the walls of the adjoining building. Thus the owner of a building who sees an excavation about to be made on an adjoining lot must be prepared to support his building when the excavation on the adjoining property does not exceed 10 feet in depth; but when it does exceed 10 feet in depth he need give no support to his own building, but can rely upon the obligation imposed upon the owner of the property upon which the excavation is made to support the adjoining walls.

The provision would be of little value if the owner of the property upon which the excavation is made could relieve himself from all obligation to protect his neighbor's property by turning the excavation over to a contractor. The words "the person or persons causing such excavation to be made" apply to the owner of the property who employs a third person to make such an excavation, whether such an employment is by contract or otherwise. The person who owns the property and directs either his servants or agents, or an independent contractor, to make the excavation, is clearly the person causing it to be made; and if he wishes to relieve himself from responsibility he must see to it that his contractor, agents, or servants, when engaged in making the excavation, either limits the excavation to 10 feet, or takes the necessary steps to protect the wall of the adjoining building.

I think it clear, therefore, that making the contract for the excavation does not relieve the owner of the property from the obligation imposed by the section of the Building Code in question. It follows that the defense was not sufficient, and that the judgment should be affirmed.

Judgment affirmed, with costs, with leave to defendant to amend on payment of costs. All concur.