[964 NE2d 391, 941 NYS2d 20]

YENEM CORP., Appellant, v 281 BROADWAY HOLDINGS et al., Respondents. (And Other Actions.)

RANDALL Co., LLC, Appellant, v 281 BROADWAY HOLDINGS et al., Respondents, et al., Defendants. 281 BROADWAY HOLDINGS LLC et al., Third-Party Plaintiffs, v HUNTER-ATLANTIC, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants.

Argued January 3, 2012; decided February 14, 2012

**POINTS OF COUNSEL**

*Jaroslawicz & Jaros LLC*, New York City (*David Jaroslawicz* and *David Tolchin* of counsel), for Yenem Corp., appellant. I. Plaintiff was entitled to summary judgment as to liability on

common-law grounds. (*Klein v Beta I LLC*, 10 AD3d 509; *Hixon v Congregation Beit Yaakov*, 57 AD3d 328; *11 Essex St. Corp. v Tower Ins. Co. of N.Y.*, 81 AD3d 516; *Andre v Pomeroy*, 35 NY2d 361; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833; *Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242.) II. Under Administrative Code of the City of New York § 27-1031 (b), plaintiff was entitled to summary judgment and there was absolute liability as against defendants. (*Cohen v Lesbian & Gay Community Servs. Ctr., Inc.*, 20 AD3d 309; *Dorrity v Rapp*, 72 NY 307; *Post v Kerwin*, 133 App Div 404; *Levine v City of New York*, 249 App Div 625; *Elliott v City of New York*, 95 NY2d 730; *Bloomingdale v Duffy*, 71 Misc 136; *Gordon v Automobile Club of Am.*, 101 Misc 724, 180 App Div 927; *Klein v Beta I LLC*, 10 AD3d 509; *Hixon v Congregation Beit Yaakov*, 57 AD3d 328.) III. The finding of the majority below that absolute liability should not apply is directly contrary to the law in this state. (*Spano v Perini Corp.*, 25 NY2d 11; *Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242; *Levine v City of New York*, 249 App Div 625; *Palermo v Bridge Duffield Corp.*, 3 AD2d 863.) IV. The conclusion of the majority in the Appellate Division that the *Elliott v City of New York* (95 NY2d 730 [2001]) case precludes summary judgment for plaintiff is erroneous. (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308.) V. The Appellate Division majority's statement that *Coronet Props. Co. v L/M Second Ave.* (166 AD2d 242, 243 [1st Dept 1990]) is dispositive is erroneous. (*Levine v City of New York*, 249 App Div 625; *Palermo v Bridge Duffield Corp.*, 3 AD2d 863.) VI. The majority in the Appellate Division ignored the distinction between summary judgment on liability and the amount of damages a plaintiff can recover. (*Andre v Pomeroy*, 35 NY2d 361.)

*Weg and Myers, P.C.*, New York City (*Dennis T. D'Antonio, Joshua L. Mallin, William H. Parash* and *Jonathan C. Corbett* of counsel), for Randall Co. LLC, appellant. I. Owners and general contractors have historically been held absolutely liable for the damages that their construction causes to adjoining landowners. (*Cohen v Lesbian & Gay Community Servs. Ctr., Inc.*, 20 AD3d 309; *Dorrity v Rapp*, 72 NY 307; *Post v Kerwin*, 133 App Div 404; *Levine v City of New York*, 249 App Div 625; *Elliott v City of New York*, 95 NY2d 730; *Bloomingdale v Duffy*, 71 Misc 136; *Gordon v Automobile Club of Am.*, 101 Misc 724; *Klein v Beta I LLC*, 10 AD3d 509; *Hixon v Congregation Beit Yaakov*, 57 AD3d 328; *Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242.) II. The Appellate Division majority's reliance on *Elliott v*

*City of New York* (95 NY2d 730 [2001]) is misguided. (*Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559; *Huerta v New York City Tr. Auth.*, 290 AD2d 33.) III. Appellant is entitled to partial summary judgment on the issue of liability because respondents violated section 27-1031 (b) of the Building Code (Administrative Code of City of NY). (*Gandley v Prestige Roofing & Siding Co.*, 148 AD2d 666; *Trbaci v AJS Constr. Project Mgt., Inc.*, 22 Misc 3d 1116[A], 2009 NY Slip Op 50153[U]; *Dorrity v Rapp*, 72 NY 307; *Post v Kerwin*, 133 App Div 404; *Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242; *Bloomingdale v Duffy*, 71 Misc 136; *Van Nostrand v Froehlich*, 44 AD3d 54; *Doyle v American Home Prods. Corp.*, 286 AD2d 412; *Gramigna v Morse Diesel*, 210 AD2d 115.) IV. The Appellate Division erred in granting respondents' motion to amend. (*Lettieri v Allen*, 59 AD3d 202; *Sharon Ava & Co. v Olympic Tower Assoc.*, 259 AD2d 315; *Daniels v Empire-Orr, Inc.*, 151 AD2d 370; *Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1; *Elmsmere Assoc. v Gladstone*, 153 AD2d 501.)

*Shafer Glazer, LLP*, New York City (*David A. Glazer* and *Mika M. Mooney* of counsel), for respondents. I. The Appellate Division correctly determined that absolute liability can only be imposed under a state statute. (*Elliott v City of New York*, 95 NY2d 730; *Smulczeski v City Ctr. of Music & Drama*, 3 NY2d 498; *Huerta v New York City Tr. Auth.*, 290 AD2d 33; *Schumer v Caplin*, 241 NY 346; *Dorrity v Rapp*, 72 NY 307; *City of New York v Wineburgh Adv. Co.*, 122 App Div 748; *Kobbe Co. v City of New York*, 122 App Div 755; *Pajak v Pajak*, 56 NY2d 394; *Post v Kerwin*, 133 App Div 404.) II. Excavation and protection of adjacent structures does not fall into the category of statutes that typically give rise to absolute liability, and there is no evidence demonstrating an intent to impose absolute liability upon owners that undertook measures to preserve and protect adjoining structures. (*Van Gaasbeck v Webatuck Cent. School Dist. No. 1*, 21 NY2d 239; *Koenig v Patrick Constr. Corp.*, 298 NY 313; *City of New York v Stringfellow's of N.Y.*, 253 AD2d 110; *Matter of City of New York v State of New York*, 282 AD2d 134; *Dorrity v Rapp*, 72 NY 307.) III. The Appellate Division correctly determined that a violation of Administrative Code of the City of New York § 27-1031 and a determination on proximate cause must be made prior to an imposition of liability. (*Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242; *Cohen v Lesbian & Gay Community Servs. Ctr., Inc.*, 20 AD3d 309; *Quattrocchi v F.J. Sciame Constr. Corp.*, 44 AD3d 377; *Dorrity v Rapp*, 72 NY 307;

*McGlynn v Palace Co.*, 262 AD2d 116; *Johnson v Phillips*, 261 AD2d 269; *Kiernan v Edwards*, 97 AD2d 750.) IV. Yenem Corp. cannot seek liability under common-law negligence for the first time on appeal, nor can it establish a prima facie case of negligence. (*Sean M. v City of New York*, 20 AD3d 146; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272; *Quain v Buzzetta Constr. Corp.*, 69 NY2d 376; *Kenney v City of New York*, 30 AD3d 261; *Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242; *Wing Wong Realty Corp. v Flintlock Constr. Servs., LLC*, 71 AD3d 537; *Horwitz v Camelot Assoc. Corp.*, 66 AD3d 1299.) V. Neither the former statutes pertaining to excavation and adjoining properties nor Administrative Code of the City of New York § 27-1031 were intended to provide a cause of action for tenants. VI. Leave to amend respondents' answer was properly awarded by the Appellate Division since such leave is freely given and the claims have merit. (*Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc.*, 4 AD3d 290; *Matter of Salon Ignazia, Inc.*, 34 AD3d 821; *McFarland v Michel*, 2 AD3d 1297; *St. Paul Fire & Mar. Ins. Co. v Town of Hempstead*, 291 AD2d 488; *Lettieri v Allen*, 59 AD3d 202.) VII. Randall Co., LLC's request for $250,000 for lost rents should not be awarded as it is an unsubstantiated amount. (*SRM Card Shop v 1740 Broadway Assoc.*, 2 AD3d 136.)

*Molod Spitz & DeSantis, P.C.*, New York City (*Marcy Sonneborn* and *Alice Spitz* of counsel), for third-party respondent. I. Summary judgment is premature before discovery has been conducted. (*Venables v Sagona*, 46 AD3d 672; *Amico v Melville Volunteer Fire Co., Inc.*, 39 AD3d 784; *Valdivia v Consolidated Resistance Co. of Am., Inc.*, 54 AD3d 753; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065; *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557; *Lewis v Safety Disposal Sys. of Pa., Inc.*, 12 AD3d 324; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93; *Fazio v Brandywine Realty Trust*, 29 AD3d 939.) II. The Legislature has not expressed its intent to treat an alleged violation of the Building Code of New York City as a state statute. (*Staples v Town of Amherst*, 146 AD2d 292; *Fox v Jenny Eng'g Corp.*, 122 AD2d 532, 70 NY2d 761; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290; *Conte v Large Scale Dev. Corp.*, 10 NY2d 20; *De Milio v New York State Thruway Auth.*, 15 AD2d 27; *Utica Mut. Ins. Co. v Mancini & Sons*, 9 AD2d 116; *People v Pulizzi*, 199 Misc 405; *Cohen v Crimenti*, 24 AD2d 587; *Schaeffer v Caldwell*, 273 App Div 263; *Martin v Herzog*, 228 NY 164.) III. Plaintiffs have not made out a prima facie case under the Administrative Code of the City of New

York. (*Dorrity v Rapp*, 72 NY 307; *Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242; *Eastern Consol. Props. v Adelaide Realty Corp.*, 95 NY2d 785; *Holy Props. v Cole Prods.*, 87 NY2d 130; *Cenven, Inc. v Bethlehem Steel Corp.*, 41 NY2d 842; *Elliott v City of New York*, 95 NY2d 730; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559; *Major v Waverly & Ogden*, 7 NY2d 332; *Tkach v Montefiore Hosp.*, 289 NY 387; *Worth Distribs. v Latham*, 59 NY2d 231.) IV. Hunter-Atlantic, Inc. is not in privity of contract with Yenem Corp. (*Espinal v Melville Snow Contrs.*, 98 NY2d 136; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220; *Raffa v Stilloe Roofing & Siding*, 182 AD2d 901; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314; *Strauss v Belle Realty Co.*, 98 AD2d 424, 65 NY2d 399.)

*Michael A. Cardozo, Corporation Counsel*, New York City (*Margaret G. King* and *Spencer Fisher* of counsel), for City of New York, amicus curiae. Certain language in the Appellate Division majority decision risks creating confusion about the legal status of many New York City Charter and Administrative Code of the City of New York provisions originally adopted as state laws, including provisions applicable outside the tort context. This Court should ensure the continued status of those provisions in accordance with long-standing judicial precedent. (*Elliott v City of New York*, 95 NY2d 730; *Grimmer v Tenement House Dept. of City of N.Y.*, 204 NY 370; *Racine v Morris*, 201 NY 240; *People ex rel. Savory, Inc. v Plunkett*, 295 NY 180; *Board of Educ. v Rogers*, 278 NY 66; *Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.*, 6 NY3d 563; *Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc.*, 14 NY3d 46; *Matter of Finegan v Cohen*, 275 NY 432; *Walter v City of N.Y. Police Dept.*, 244 AD2d 205; *Old Dutch Lands v City of New York*, 55 Misc 2d 384, 32 AD2d 649, 26 NY2d 984.)

### OPINION OF THE COURT

CIPARICK, J.

On this appeal, we consider whether former Administrative Code of the City of New York § 27-1031 (b) (1) imposes absolute liability on defendants whose excavation work caused damage to adjoining property. We hold that it does, and that plaintiffs are entitled to summary judgment.

Plaintiff Randall Co. (Randall) is the owner of a landmark cast iron and masonry building located at 287 Broadway in

Manhattan. Plaintiff Yenem Corp. (Yenem) was a commercial tenant operating a pizzeria in the building. In 2006, defendant The John Buck Company (JBC) through its subsidiary, defendant 281 Broadway Holdings LLC (281 Broadway Holdings), purchased the lot adjacent to the south and west sides of 287 Broadway and began developing an L-shaped commercial and condominium complex. JBC and 281 Broadway Holdings hired defendant Hunter-Atlantic, Inc. (Hunter-Atlantic) to excavate the site. The excavation occurred at a depth of 18 feet below curb level. As the excavation progressed, 287 Broadway shifted out of plumb, tilting out of verticality. On November 28, 2007, the Department of Buildings (DOB) found that the building leaned to the south by approximately nine inches. The following day, DOB issued a vacate order deeming the building unsafe for occupancy. As a result, Yenem was forced to close its business, and Randall's building remains vacant.

Yenem commenced an action against JBC, 281 Broadway Holdings and Hunter-Atlantic claiming that defendants were negligent and strictly liable under Administrative Code of the City of New York § 27-1031 (b) (1) for causing damage to 287 Broadway, resulting in the loss of Yenem's business. Randall commenced a separate action against JBC and 281 Broadway Holdings[1] asserting similar claims. Hunter-Atlantic cross-claimed against its codefendants and asserted third-party claims against various subcontractors and engineering companies.

Randall moved for partial summary judgment against JBC and 281 Broadway Holdings seeking lost rent and other damages, and Yenem moved for summary judgment against all defendants. JBC and 281 Broadway Holdings opposed plaintiffs' motions and cross-moved for summary judgment against Hunter-Atlantic. In support of their respective summary judgment motions, plaintiffs submitted, among other things, a letter and affidavit of managing agents of 281 Broadway Holdings and a report by defendants' structural engineers, all of which stated that 287 Broadway shifted increasingly out of plumb during the course of defendants' excavation work despite defendants' various remedial efforts. Specifically, one of defendants' engineers stated that "[t]he movement of the building during excavation was caused by settlement due to undermining of the existing footings and a loss of soil under the footing."

---

1. The complaint also named "John Doe," "Jane Doe," and "XYZ Corporation" as the contractors hired by defendants to perform the excavation work.

In the *Yenem* action, Supreme Court denied Yenem's motion for summary judgment with leave to renew at the close of discovery. The court found that violation of Administrative Code of the City of New York § 27-1031 (b) (1) did not result in strict liability but constituted some evidence of negligence. The court also found potential factual issues regarding the proximate cause of the building's movement. In the *Randall* action, however, a different Supreme Court justice granted Randall's motion for partial summary judgment and denied defendants' cross motion in its entirety. The court held that defendants were strictly liable under section 27-1031 (b) (1).

In consolidated appeals, a divided Appellate Division upheld the order denying plaintiff's motion for summary judgment in the *Yenem* action and reversed the order granting plaintiff summary judgment in the *Randall* action (*see Yenem Corp. v 281 Broadway Holdings*, 76 AD3d 225, 231 [1st Dept 2010]). The court rejected plaintiffs' argument that because section 27-1031 (b) (1) was originally enacted as a state law imposing absolute liability, it should continue to be so construed (*see id.* at 228-229). Citing *Elliott v City of New York* (95 NY2d 730 [2001]), the Appellate Division found that as a municipal ordinance, the code provision was an "unsuitable candidate for elevation to the status of a state statute imposing per se negligence or absolute liability" (*Yenem Corp.*, 76 AD3d at 230). The court further held that plaintiffs failed to demonstrate that "defendants' actions were the proximate cause of the damage to the building or that the precautions taken by defendants in connection with the excavation were inadequate" (*id.* at 231).

Two justices dissented on the ground that section 27-1031 (b) (1), having its origins in state law, imposes strict liability where a plaintiff demonstrates that a violation of the provision proximately caused injuries to the plaintiff's property (*see id.* at 233). The dissent opined that *Elliott* expressly recognized that a local law with state law origins could invoke statutory treatment and, providing a thorough review of the provision's legislative history, concluded that section 27-1031 (b) (1) fit that rule "to the proverbial tee" (*id.* at 237). The dissent further concluded that defendants violated the code provision; that the building's prior condition was irrelevant to the issue of proximate cause; and that, as a strict liability provision, section 27-1031 (b) (1) did not permit an affirmative defense of reasonable precautions (*see id.* at 242-245).

The Appellate Division granted plaintiffs leave to appeal, certifying the following question to us: "Was the corrected decision and order of this Court, which affirmed the order of the Supreme Court entered September 18, 2008, and reversed an order of said Court entered January 29, 2009, properly made?" We now reverse and answer the certified question in the negative.

■ "As a rule, violation of a State statute that imposes a specific duty constitutes negligence per se, or may even create absolute liability. By contrast, violation of a municipal ordinance constitutes only evidence of negligence" (*Elliott*, 95 NY2d at 734 [citations omitted]). We have "however, acknowledge[d] that certain sections of the Administrative Code have their origin in State law and, as such, they might be entitled to statutory treatment in tort cases" (*id.* at 736 [citation omitted]). Thus, "[i]n analyzing whether a violation of [an] Administrative Code section should be viewed as negligence per se or as some evidence of negligence, we consider the origin of [the] provision" (*id.* at 733).

Former Administrative Code of the City of New York § 27-1031 (b) (1)[2] provides:

> "When an excavation is carried to a depth more than ten feet below the legally established curb level the person who causes such excavation to be made shall, at all times and at his or her own expense, preserve and protect from injury any adjoining structures, the safety of which may be affected by such part of the excavation as exceeds ten feet below the legally established curb level provided such person is afforded a license to enter and inspect the adjoining buildings and property."

The provision originated from an 1855 special law (*see* NY Const, art IX, § 3 [d] [4]) that created a duty to protect neighboring landowners in "the city and county of New-York" and the "city of Brooklyn" from harm arising from excavation work where none had existed at common law (L 1855, ch 6, § 1). In effect, the statute, as enacted, shifted the burden of protecting against harm from the landowner to the excavator. In *Dorrity v*

---

**2.** Section 27-1031 (b) (1) was repealed effective July 1, 2008 and its equivalent provision is now contained in the New York City Construction Code (Administrative Code, tit 28, ch 33, § 3309.4). We do not pass on that provision, as it is not before us on this appeal.

*Rapp* (72 NY 307 [1878]), we characterized the statute as impos-
ing absolute liability, stating:

> "[t]he primary object of the statute[ ] was to cast
> upon the party making an excavation on his land,
> exceeding ten feet in depth, the risk of injury result-
> ing therefrom to the wall of an adjoining owner, and
> the burden of protecting it. The liability imposed is
> not made to depend upon the degree of care exer-
> cised by the person making the excavation. *When
> the facts bring the case within the statute, the duty
> and liability which the statute imposes is absolute
> and unqualified"* (*id.* at 311 [emphasis added]).

The original statute was subsequently reenacted under the
Consolidation Act of 1882 (*see* L 1882, ch 410, § 474). In 1899,
the law was recodified as a municipal ordinance in section 22 of
the New York City Building Code, which, in turn, was later
incorporated into the Administrative Code as section C26-385.0
(a). In 1968, section C26-385.0 (a) was recodified as section C26-
1903.1 (b) (1), and in 1985, that section became section 27-1031
(b) (1). Even after its recodification as a local law, however, New
York courts continued to treat the provision as a strict liability
statute (*see Hart v City Theatres Co.*, 215 NY 322, 325-326
[1915]; *Racine v Morris*, 201 NY 240, 244 [1911]; *Post v Kerwin*,
133 App Div 404, 405-406 [2d Dept 1909]; *Victor A. Harder
Realty & Constr. Co. v City of New York*, 64 NYS2d 310, 317-318
[Sup Ct, NY County 1946]).

We see no reason to depart from that interpretation in our
review of section 27-1031 (b) (1). Certainly not every municipal
ordinance with state law roots is entitled to statutory treat-
ment, but section 27-1031 (b) (1) is unique. Its language and
purpose are virtually identical, in all relevant aspects, to those
of its state law predecessors.[3] Indeed, as noted by the dissent
below, "neither the wording nor the import of the statute was

---

3. In 1882, the law provided:
   "Whenever excavations, for building or other purposes, on any
   lot or piece of land in the city and county of New York, shall be
   intended to be carried to the depth of more than ten feet below
   the curb, and there shall be any party or other wall, wholly or
   partly on adjoining land and standing upon or near the boundary
   lines of such lot, the person causing such excavations to be made
   . . . shall at all times from the commencement until the comple-
   tion of such excavations, at his own expense, preserve such wall
   from injury, and so support the same by a proper foundation that
   it shall remain as stable as before the excavations were com-
   menced" (L 1882, ch 410, § 474).

materially or substantively altered" either upon its recodification as a local law or in the century thereafter (*see Yenem Corp.,* 76 AD3d at 239). Even more important, its original purpose of shifting the risk of injury from the injured landowner to the excavator of adjoining land has remained constant over the years. To hold that a violation of the provision is only "evidence of negligence" would thus defeat the legislation's basic goal. Though formerly a state law and now a local ordinance, section 27-1031 (b) (1) continues to embody the specific legislative policy that in New York City those who undertake excavation work, rather than those whose interest in neighboring land is harmed by it, should bear its costs.[4]

██ Finally, we agree with the dissent below that plaintiffs are entitled to summary judgment. Defendants' affidavits and the report of defendants' engineers expressly state that the excavation, carried to a depth exceeding the regulatory threshold, undermined the foundation of 287 Broadway and caused it to lean southward. The majority below erred in finding that the building's allegedly poor condition raised an issue of fact as to causation; though certainly relevant to any measure of damages, consideration of the building's prior condition does not factor into a proximate cause analysis under section 27-1031 (b) (1).

Accordingly, the order of the Appellate Division should be reversed, with costs, in *Yenem Corp. v 281 Broadway Holdings,* plaintiff's motion for summary judgment on the issue of liability granted, in *Randall Co., LLC v 281 Broadway Holdings,* the order of Supreme Court reinstated, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, with costs, in *Yenem Corp. v 281 Broadway Holdings,* plaintiff's motion for summary judgment on the issue

---

4. We note that we have previously given elevated treatment to local ordinances derived from special laws, finding that they reflect the "policy of the state" and, in some circumstances, may even override a conflicting state law embodying a countervailing public policy (*see Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.,* 6 NY3d 563, 576 [2006] [holding that the state policy embodied in Administrative Code § 14-115 (a), which reserves authority over police disciplinary matters to the New York City Police Commissioner, is "so important that the policy favoring collective bargaining (implemented by the Taylor Law) should give way"]).

of liability granted, in *Randall Co., LLC v 281 Broadway Holdings*, order of Supreme Court, New York County, reinstated, and certified question answered in the negative.