■ 87 CHAMBERS, LLC, et al., Respondents, et al., Intervenor-Plaintiff, v 77 READE, LLC, et al., Respondents, WEIDLINGER ASSOCIATES, INC., Respondent-Appellant, and BKSK ARCHITECTS LLP, Appellant-Respondent, et al., Defendants. 77 READE, LLC, et al., Third-Party Plaintiffs-Respondents, v RICHARD C. MUGLER Co., INC., Third-Party Defendant. 77 READE, LLC, et al., Second Third-Party Plaintiffs-Respondents, v FRUMA NAROV et al., Second Third-Party Defendants. [998 NYS2d 15]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about August 5, 2013, which, to the extent appealed from as limited by the briefs, denied the respective summary judgment motions of defendants BKSK Architects, LLP and Weidlinger Associates, Inc. to the extent they sought dismissal of plaintiffs' second amended complaint and all common-law indemnification and contribution cross claims as asserted against them, unanimously modified, on the law, to the extent

of granting BKSK's motion in its entirety, and granting Weidlinger's motion solely to the extent of dismissing plaintiffs' claims under the Administrative Code of the City of New York, except the claim under former Administrative Code § 27-1031 (b) (1), and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the second amended complaint and all cross claims asserted against BKSK.

While plaintiffs alleged violations of former Administrative Code § 27-1031 (b) (1), that provision was repealed effective July 1, 2008 (*see Yenem Corp. v 281 Broadway Holdings*, 18 NY3d 481, 489 n 2 [2012]), and the partial collapse of plaintiffs' building, allegedly caused by the excavation work being performed at the adjoining property located at 77 Reade Street in Manhattan, occurred in April of 2009. Accordingly, plaintiffs' claims should have been brought under the equivalent provision now contained in Administrative Code § 3309.4 (*id.*).

Plaintiffs' section 3309.4 claim against BKSK should have been dismissed because BKSK was not "the person who cause[d] an excavation or fill to be made" within the meaning of that provision (§ 3309.4). Indeed, BKSK was neither the owner of the 77 Reade Street property nor the contractor who performed the excavation (*see Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242, 243 [1st Dept 1990]). Further, BKSK's designs for the proposed building, which included a cellar and subcellar, and its knowledge that some excavation would take place, do not raise an issue of fact as to whether it "cause[d] an excavation" within the meaning of section 3309.4.

Plaintiffs' negligence claim against BKSK should have been dismissed because BKSK's contractual obligations to the owner of the 77 Reade Street property do not give rise to tort liability in favor of plaintiffs (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-140 [2002]). BKSK's contract with the owner did not specifically impose any duties with respect to the excavation phase of the project and expressly stated that BKSK did not have control over, and was not responsible for, the construction means and methods or the safety precautions taken in connection with the work. BKSK's involvement in discussions related to the means and methods to be employed in the excavation, and its general responsibilities to visit the site during construction to monitor compliance with the contract, do not raise an issue of fact as to whether it entirely displaced the owner's duty to maintain the premises (*see id.* at 140-141). Plaintiffs do not allege any other basis for imposing tort liability on BKSK.

BKSK was also entitled to summary judgment dismissing the cross claims asserted against it by defendants Leeco Construc-

tion Corp. (the general contractor) and 77 Reade, LLC (the owner of the 77 Reade Street property). The contribution cross claims should have been dismissed because BKSK owed no duty to the other defendants or to plaintiffs (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 559 [1992]). Further, the common-law indemnification claims should have been dismissed because BKSK was not actively at fault in bringing about the damage caused to plaintiffs' building and it did not exercise actual supervision or control over the damage-producing work (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 375-376 [2011]).

Weidlinger was not entitled to summary judgment dismissing plaintiffs' Administrative Code § 3309.4 claim as asserted against it, since there is an issue of fact as to whether Weidlinger substantially contributed to the design and methodology employed during the excavation process and therefore was a "person" who "cause[d] an excavation" within the meaning of section 3309.4 (§ 3309.4). Furthermore, the court properly denied Weidlinger's motion seeking dismissal of plaintiffs' negligence claim. Although Weidlinger's employee testified that Weidlinger had no duties during the excavation phase of the project, plaintiffs submitted admissible evidence suggesting that Weidlinger assumed responsibilities related to the excavation and recommended excavation design changes, which were adopted over the excavation contractor's objections and purportedly were the cause of the damage to plaintiffs' building (*see Espinal*, 98 NY2d at 141-142). The court properly denied the branch of Weidlinger's motion seeking dismissal of all cross claims asserted against it, given the issues of fact pertaining to Weidlinger's fault and possible negligence.

Plaintiffs' claims under Administrative Code §§ 27-723 and 27-724, and former sections 27-1028, 27-1029 and 27-1032, are dismissed as abandoned as against both BKSK and Weidlinger, since plaintiffs failed to address them in their motion papers or on appeal (*see Cardenas v One State St., LLC*, 68 AD3d 436, 438 [1st Dept 2009]). Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 31772(U).]**