SECOND DEPARTMENT, SEPTEMBER, 2015

(September 2, 2015)

■ AMERICAN SECURITY INSURANCE COMPANY, as Subrogee of Michael R. Toppin and Another, et al., Respondents, v CHURCH OF GOD OF ST. ALBANS et al., Respondents, and MIKE'S CONTRACTING BUILDING AND DEVELOPMENT CORP. et al., Appellants, et al., Defendants. [16 NYS3d 247]—

In a consolidated action, inter alia, to recover damages for injury to property, the defendant Harold E. Gebhard appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered November 26, 2012, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against him, and (2) from an order

of the same court entered January 23, 2013, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Mike's Contracting Building and Development Corp. separately appeals from the order entered November 26, 2012.

Ordered that the appeal by the defendant Mike's Contracting Building and Development Corp. is dismissed as abandoned (*see* 22 NYCRR 670.8); and it is further,

Ordered that the order entered November 26, 2012, is reversed insofar as appealed from by the defendant Harold E. Gebhard, on the law, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Harold E. Gebhard is denied; and it is further,

Ordered that the order entered January 23, 2013, is reversed, on the law, and the motion of the defendant Harold E. Gebhard for summary judgment dismissing the complaint insofar as asserted against him is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Harold E. Gebhard, payable by the plaintiffs.

The plaintiff Michael R. Toppin was the owner of a building located at 223-05 Hempstead Avenue in Queens (hereinafter 223-05). The plaintiff Toppin & Toppin, Attorneys at Law, was a commercial tenant operating a law firm in the building at 223-05. The adjacent property, 223-07 Hempstead Avenue, was owned by the defendant Church of God of St. Albans (hereinafter the Church). In 2001, the Church hired the defendant Harold E. Gebhard as design architect for a project involving demolition of the portion of the existing building that belonged to the Church, and the construction of a new, two-story building at that site. Gebhard prepared plans for the excavation and construction of the new church building, which plans also called for excavating part of the adjacent property, at 223-05, and included drawings for the underpinning that was to go beneath the building on the adjacent property. The defendant Mike's Contracting Building and Development Corp. (hereinafter Mike's Contracting) was the contractor hired to implement the plans. Excavation of the site was performed in June or July of 2009, during the course of which the plaintiffs' building at 223-05 sustained damage that rendered it unstable and at risk of collapse, and led to the issuance of a full vacate order by the New York City Department of Buildings, on September 25, 2009, directing the plaintiffs to vacate their property.

The plaintiffs commenced this action to recover damages for injury to property against the Church, Gebhard, and various

contractors hired by the Church, alleging violations of New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3309.4 and alleging common-law negligence, among other things. The defendants asserted cross claims for indemnification and/or contribution.

Contrary to Gebhard's contention, section 3309.4, like its predecessor Administrative Code § 27-1031 (b) (1), does impose absolute liability upon the "person who causes" an excavation to be made (*492 Kings Realty, LLC v 506 Kings, LLC*, 105 AD3d 991, 995 [2013]; *see Yenem Corp. v 281 Broadway Holdings*, 18 NY3d 481, 489 [2012]; *Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242, 243 [1990]). However, we agree with Gebhard that the Supreme Court erred in finding him absolutely liable pursuant to section 3309.4. Gebhard made a prima facie showing that he could not be held liable pursuant to that section by establishing that he was neither the person who made the decision to excavate nor the contractor who carried out the physical excavation work (*see Coronet Props. Co. v L/M Second Ave.*, 166 AD2d at 243; *Rosenstock v Laue*, 140 App Div 467, 470 [1910]; *cf. 87 Chambers, LLC v 77 Reade, LLC*, 122 AD3d 540 [2014]). In opposition to this prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Gebhard also made a prima facie showing of his entitlement to summary judgment dismissing the negligence cause of action. Gebhard's contractual obligations to the Church do not give rise to tort liability in favor of the plaintiffs, as his contract with the owner did not specifically impose any duties with respect to the excavation phase of the project and expressly stated that Gebhard did not have control over, and was not responsible for, the construction means and methods or the safety precautions taken in connection with the work (*see 87 Chambers, LLC v 77 Reade, LLC*, 122 AD3d 540, 541 [2014]). In opposition, the plaintiffs failed to raise a triable issue of fact, as Gebhard's involvement in discussions related to the means and methods to be employed in the excavation, and his general responsibilities to visit the site during construction to monitor compliance with the contract, do not raise an issue of fact as to whether he entirely displaced the owner's duty to maintain the premises (*see id.* at 541). The plaintiffs allege no other basis for imposing tort liability on Gebhard. Accordingly, the Supreme Court should have granted Gebhard's motion for summary judgment dismissing the complaint insofar as asserted against him, and denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against him.

To the extent that Gebhard raises issues regarding the branch of his motion which was for summary judgment dismissing the cross claims insofar as asserted against him by the Church and Mike's Contracting, that branch of his motion was not decided by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.