Reiss v Professional Grade Constr. Group, Inc. (2019 NY Slip Op 03832)





Reiss v Professional Grade Constr. Group, Inc.


2019 NY Slip Op 03832


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-10459
 (Index No. 505788/13)

[*1]Michael Reiss, et al., plaintiffs-respondents,
v
Professional Grade Construction Group, Inc., et al., appellants, Rybak Architects, P.C., et al., defendants-respondents, et al., defendants (and a third-party action).


Torino & Bernstein, P.C. (Carol R. Finocchio, New York, NY [Marie R. Hodukavich], of counsel), for appellants.
Lerner, Arnold & Winston, LLP, New York, NY (Jonathan C. Lerner, Matthew Azus, and Frank P. Winston of counsel), for plaintiffs-respondents.
Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Martin A. Schwartzberg of counsel), for defendant-respondent Rybak Architects, P.C.
Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Jana S. Farmer and James F. O'Brien of counsel), for defendant-respondent Alnov Engineering, P.C.



DECISION & ORDER
In an action to recover damages for injury to property, the defendants Professional Grade Construction Group, Inc., A & A 1958, LLC, Michael Rubinstein, Aaron Moshenyat, Reuven Moshenyat, and Yitzchak Moshenyat appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), entered September 13, 2016. The order, insofar as appealed from, granted the plaintiffs' motion for summary judgment on the issue of liability against the defendants Professional Grade Construction Group, Inc., and A & A 1958, LLC, granted the cross motion of the defendant Rybak Architects, P.C., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted the separate cross motion of the defendant Alnov Engineering, P.C., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal by the defendants Michael Rubinstein, Aaron Moshenyat, Reuven Moshenyat, and Yitzchak Moshenyat from so much of the order as granted the plaintiffs' motion for summary judgment on the issue of liability against the defendants Professional Grade Construction Group, Inc., and A & A 1958, LLC, is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the appeal from so much of the order as granted those branches of [*2]the separate cross motions of the defendants Rybak Architects, P.C., and Alnov Engineering, P.C., which were for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the appellants are not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d at 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiffs are the title owners of residential property located at 1962 Ocean Avenue in Brooklyn. In or around October 2011, construction and excavation operations were taking place on property located at 1958 Ocean Avenue, which is adjacent to the plaintiffs' property (hereinafter the adjacent property). The defendant A & A 1958, LLC (hereinafter A & A), was the title owner of the adjacent property at the time, and the defendants Aaron Moshenyat, Reuven Moshenyat, and Yitzchak Moshenyat are also alleged to be owners of the adjacent property. In connection with the construction project, A & A retained the defendant Professional Grade Construction Group, Inc. (hereinafter PGCG), whose president is the defendant Michael Rubinstein, as the general contractor, the defendant Rybak Architects, P.C. (hereinafter Rybak), as the architect, and the defendant Potential Engineering, P.C., as the geotechnical engineer. Rybak, in turn, retained the defendant Alnov Engineering, P.C. (hereinafter Alnov), as the structural engineer.
In September 2013, the plaintiffs commenced this action against PGCG, Rubinstein, A & A, the Moshenyats (hereinafter collectively the appellants), Rybak, Alnov, and others, alleging, inter alia, that the plaintiffs' property was damaged as a result of the negligent excavation of the adjacent property and that the defendants violated provisions of the Administrative Code of the City of New York and the New York City Building Code requiring those who conduct excavation activities on their property to preserve and protect adjoining properties from damage. The appellants asserted cross claims against, among others, Rybak and Alnov for indemnification and/or contribution. After issue was joined but prior to the completion of discovery, the plaintiffs moved for summary judgment on the issue of liability against PGCG and A & A, relying in part upon an affirmation of a professional engineer and his unsworn reports. PGCG and A & A opposed the motion. Thereafter, Rybak and Alnov separately cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiffs and the appellants opposed the cross motions. In an order entered September 13, 2016, the Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability against PGCG and A & A, and granted the separate cross motions for summary judgment dismissing the complaint and all cross-claims insofar as asserted against Rybak and Alnov.
New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3309.4 imposes strict or absolute liability upon a " person who causes' an excavation to be made" (American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d 903, 905, quoting NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] § BC 3309.4; see Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481; Chan v Begum, 153 AD3d 1223, 1225).
Here, we agree with the Supreme Court's determination granting the plaintiffs' motion for summary judgment on the issue of liability against A & A and PGCG. The plaintiffs demonstrated, prima facie, that A & A and PGCG caused soil or foundation work to be made, pursuant to a license granted under New York City Building Code § BC 3309.4, and that the work proximately caused damage to their building (see NY City Building Code § BC 3309.4; 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d 540). The plaintiffs' evidence included, among other things, a notarized affirmation from a professional engineer whose investigation on the plaintiffs' behalf concluded that the excavation on the adjacent property had caused damage to the plaintiffs' building. In opposition, A & A and PGCG failed to raise a triable issue of fact. The allegedly poor preexisting condition of the plaintiffs' building does not factor into a proximate cause analysis under New York City Building Code § BC 3309.4, but merely raises an issue of fact as to damages (see Yenem Corp. v 281 Broadway Holdings, 18 NY3d at 491).
The contention of A & A and PGCG that the engineer's affirmation and his reports submitted by the plaintiffs in support of their motion were unsworn and not in admissible form was raised for the first time in their appellate brief and, therefore, is not properly before this Court (see Preciosa USA, Inc. v Weiss & Biheller, MDSE, Corp., 127 AD3d 1156, 1156; Joseph v New York City Tr. Auth., 66 AD3d 842, 844).
We agree with the Supreme Court's determination granting those branches of the separate cross motions of Alnov and Rybak which were for summary judgment dismissing the appellants' cross claims insofar as asserted against Alnov and Rybak. The submissions of Alnov and Rybak demonstrated, prima facie, that they were not a "person who cause[d]" soil or foundation work to be made (New York City Building Code § BC 3309.4), and otherwise owed no duty to the other defendants or to the plaintiffs (see Sommer v Federal Signal Corp., 79 NY2d 540, 559; 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d at 541-542; see also Espinal v Melville Snow Contrs., 98 NY2d 136, 138-140). Moreover, the submissions of Alnov and Rybak each demonstrated, prima facie, that they were not actively at fault in bringing about the alleged damage caused to the plaintiffs' building and did not exercise actual supervision or control over the damage-producing work (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 375-376; Colyer v K Mart Corp., 273 AD2d 809, 810). In opposition, the appellants failed to raise an issue of fact (see 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d at 541-542).
The appellants' contention that the plaintiffs' motion and the separate cross motions of Alnov and Rybak were premature is without merit. The appellants failed to demonstrate that discovery might lead to relevant evidence, or that the facts essential to justify opposition to the motion and cross motions were exclusively within the knowledge and control of the plaintiffs, Alnov, or Rybak (see Winzelberg v 1319 50th St. Realty Corp., 114 AD3d 674, 674-675). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion (see Cajas-Romero v Ward, 106 AD3d 850; Buchinger v Jazz Leasing Corp., 95 AD3d 1053).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court