## Rolf v Tribeca Dev. Partners LLC

2024 NY Slip Op 33047(U)

August 29, 2024

Supreme Court, New York County

Docket Number: Index No. 153139/2015

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

FILED: NEW YORK COUNTY CLERK 08/29/2024 04:49 PM
INDEX NO. 153139/2015

NYSCEF DOC. NO. 337
RECEIVED NYSCEF: 08/29/2024

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DEBRA A. JAMES**
PART 59

*Justice*

-----------------------------------------------------------------------------------X

CHRISTOPHER ROLF,

INDEX NO. 153139/2015

Plaintiff,

MOTION DATE 05/11/2023

- v -

MOTION SEQ. NO. 004 005

TRIBECA DEVELOPMENT PARTNERS LLC, GOLD DEVELOPMENT, LLC, BECKER ENGINEERING, PC, WAYNE TURETT ARCHITECTS, P.C., D/B/A TURETT COLLABORATIVE ARCHITECTS, CURTIS & GINSBERG ARCHITECTS LLP, GACE CONSULTING ENGINEERS, P.C., URS ARCHITECTURE & ENGINEERING - NEW YORK, P.C., OTL ENTERPRISES, LLC, HUDSON MERIDIAN CONSTRUCTION GROUP LLC, RD2 CONSTRUCTION & DEMOLITION LLC, SHERRI SCHNALL, AS EXECUTRIX OF THE ESTATE OF STEVEN SCHNALL, and ROMY GOLDMAN,

**DECISION + ORDER ON MOTION**

Defendants.

-----------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269

were read on this motion to/for                SUMMARY JUDGMENT(AFTER JOINDER        .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 291, 292, 293, 294, 295, 296, 297, 298, 299, 303, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330

were read on this motion to/for                        DISMISSAL                .

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of the defendant Wayne Turett Architects, P.C., d/b/a Turret Collaborative Architects, for summary judgment dismissing the complaint (motion sequence number 004) is granted, and the complaint alleging property damage and

**153139/2015  ROLF, CHRISTOPHER vs. TRIBECA DEVELOPMENT PARTNERS**
**Motion No.  004 005**
Page 1 of 9

1 of 9

[* 1]

dismissed in its entirety as against the defendant Wayne Turett Architects, P.C., d/b/a Turett Collaborative Architects, with costs and disbursements to such defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of such defendant; and it is further

ORDERED that the motion of the defendant Curtis & Ginsberg Architects LLP for summary judgment dismissing the complaint and (motion sequence number 005), is granted, and the complaint is dismissed in its entirety as against defendant Curtis & Ginsberg Architects LLP, with costs and disbursements to such defendant as taxed by the Clerk of the Court; and it is further

ORDERED that the cross-claims for indemnification and contribution against defendants Wayne Turett Architects, P.C., d/b/a Turret Collaborative Architects and Curtis & Ginsberg Architects LLP by defendants Gace Consulting Engineers, D.P.C., URS Architecture and Engineering, P.C., Becker Engineering, P.C., RD2 Construction and Demolition LLC, Hudson Meridian Construction Group LLC, Gold Development, LLC and Romy Goldman are dismissed, and the Clerk is directed to enter judgment accordingly in favor of such defendants; and it is further

ORDERED that the caption shall be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**153139/2015   ROLF, CHRISTOPHER vs. TRIBECA DEVELOPMENT PARTNERS**
  **Motion No.  004 005**

Page 2 of 9

2 of 9

[* 2]

ORDERED that the claims and cross-claims against the remaining defendants are severed and the balance of the action shall continue; and it is further

ORDERED that counsel for the moving parties shall serve a copy of this order with notice of entry upon the County Clerk (Room 141B) and the Clerk of the Trial Support Office (Room 158), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that counsel for the remaining parties are directed to post on NYSCEF a proposed discovery status conference order or competing proposed discovery status conference order(s) at least two days before October 3, 2024, on which date counsel shall appear via Microsoft Teams, unless such appearance be waived by the court.

<u>DECISION</u>

Plaintiff Christopher Rolf ("Rolf"), the owner of the building located at 17 Leonard Street, New York, New York ("17 Leonard"), seeks property damages that he alleges arose from certain excavation work performed on an adjacent building located at 15 Leonard Street, New York, New York ("15 Leonard"). For a full recitation of the facts, see this court's decision and order, dated April 11, 2019. (NYSCEF Doc. No. 172.)

The defendants Wayne Turett Architects, P.C., d/b/a Turett Collaborative Architects ("TCA") and Curtis & Ginsberg Architects LLP ("CGA", collectively, the "Architects") each move for summary

**153139/2015   ROLF, CHRISTOPHER vs. TRIBECA DEVELOPMENT PARTNERS**
**Motion No.  004 005**

**Page 3 of 9**

3 of 9

judgment dismissing the claims and cross claims interposed against them, arguing that services they provided for the excavation were architectural services only and that they did not perform any demolition, excavation, underpinning, excavation support, shoring, or monitoring of such work ("Excavation Work"). Rolf and certain co-defendants[1] (collectively, the "opposition") oppose the Architects' motions on the basis that triable issues of fact exist with respect to the Architect's involvement in the Excavation Work.

This court agrees with the Architects.

As a threshold matter, this court notes that none of the papers in opposition to the motions are supported by affidavits from any individual with personal knowledge or expertise. The attorney affirmations assert "mere conclusions or unsubstantiated allegations [that] are insufficient to raise a triable issue of fact." See Zuckerman v City of New York, 49 NY2d 557, 562-563 (1980).

It is well established that strict liability under the Administrative Code of the City of New York, Chapter 7, New York City Building Code, §3309.4.2 applies only to the party

---

[1] The defendants URS Architecture & Engineering- New York, P.C., RD2 Construction & Demolition LLC, Becker Engineering, PC, and Hudson Meridian Construction Group oppose TCA's motion for summary judgment. The defendants Becker Engineering, PC, Hudson Meridian Construction Group, Tribeca Development Partners LLC, Gold Development, LLC, Gace Consulting Engineers, P.C., and RD2 Construction & Demotion LLC oppose CGA's motion for summary dismissal.

**153139/2015   ROLF, CHRISTOPHER vs. TRIBECA DEVELOPMENT PARTNERS**       **Page 4 of 9**
  Motion No.  004 005

4 of 9

[* 4]

'who cause[d] the excavation or fill to be made', . . . [which means] the person or persons who had control over and was responsible for, the construction means and methods or the safety precautions taken in connection with the work. . .[the architects's] designs for the proposed building, which included a cellar and subcellar and its knowledge that some excavation would take place, do no raise an issue of fact as to whether it 'cause[d] an excavation' within the meaning of section 3309.4

See 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d 540, 541 (1st Dept 2014). Applying that holding to the claims and cross claims against the defendant architect in that case, the 87 Chambers appeals court modified the trial court's order by granting such architect's motion for summary judgment dismissing the complaint.

In 87 Chambers, with respect to the claim against defendant structural engineering company, which claim such appellate court affirmed the trial court's denial of the motion to summarily dismiss, the court found that plaintiff submitted "admissible evidence suggesting that the [structural engineering firm] assumed responsibilities related to the excavation and recommended excavation design changes, which were adopted over the excavation contractor's objections and purportedly were the cause of the damage to plaintiffs' building." 87 Chambers, supra at 542. The case at bar is distinguishable from 87 Chambers in that regard, as here the opposing parties fail to submit any evidence that would suggest that the Architects went beyond their scope(s) of work and/or that either took an increased role in the Excavation Work

153139/2015  ROLF, CHRISTOPHER vs. TRIBECA DEVELOPMENT PARTNERS
Page 5 of 9
Motion No.  004 005

[* 5]

5 of 9

that would subject them to liability under New York City local law.  The emails that opposing parties claim demonstrate that the Architects were involved with the Excavation Work fail to raise a triable issue of fact as such claims are not supported by an affiant with personal knowledge.  See Whelan by Whelan v GTE Sylvania, 182 AD2dd 446, 449 (1st Dept 1992).  In addition, neither the contract language nor the e-mails refute the Architects' sworn statements to the contrary, inter alia, that "TCA did not design, direct and/or supervise the demolition, excavation, support of excavation, shoring, foundation or temporary protection work" and that its coordination responsibilities were limited to "ensur[ing] that drawings did not contradict in terms of layout and spacing". (NYSCEF Document Number 266).

As for the contract language, section 3.5.1 of TCA's design services contract unambiguously states that TCA

> [s]hall not have control over, charge of, or responsibility for the construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Project, nor should the Architect be responsible for the contractor's failure to perform the work in accordance with the requirements of any contract documents.
> (NYSCEF Document Number 196, Sec. 3.5.1.)

CGA's architectural services agreement contains similar unambiguous exculpatory language. (NYSCEF Document Number 311, Sec. 2.7.14.)

[* 6]

Nor do the opposing parties identify a duty that the Architects have breached that would sustain the second cause of action for negligence. The contentions proffered in opposition to the motions of the Architects are supported only by counsels' affirmations, which are insufficient to defeat a motion for summary judgment. As with the defendant architect in 87 Chambers, at 542 (citation omitted), there is no evidence that either TSK or CGA "[were] . . .actively at fault in bringing about the damage caused to plaintiff's building and . . exercised actual supervision or control over the damage producing work. See Davis v Lenox School, 151 AD2d 230, 231 (1st Dept 1989) ("Nor can [the architect] be held liable for common law negligence since there is no evidence of active negligence on his part.) Steven Schnall ("Schnall"), managing member of defendant Tribeca Development Partners LLC ("Tribeca") testified at this deposition that TCA was "primarily responsible for the design of the building" and that CGA was "the executive architect in charge of the plans and the filings". (NYSCEF Document number 298, 52:14-18. Schnall further testified that the Architects were not primarily responsible for reviewing the structural stability of 15 Leonard or 17 Leonard. (Id., at 53:7-13).

Plaintiff Rolf's third cause of action for breach of the access agreements and fifth cause of action for breach of the guarantees as against the Architects must be dismissed, as they

153139/2015   ROLF, CHRISTOPHER vs. TRIBECA DEVELOPMENT PARTNERS          Page 7 of 9
   Motion No.  004 005

7 of 9

[* 7]

were not parties to those agreements. La Potin v Lang Co., 30 AD2d 527, 528 (1st Dept 1968) (cause of action for breach of contract dismissed against individual defendant where corporate defendant was sole contracting party).

Rolf's fourth cause of action for trespass must also be dismissed as there is no evidence that the Architects had any responsibility for the bracing of the excavation support system that is allegedly trespassing on 17 Leonard.

Finally, the cross-claims for contractual indemnification against the Architects are dismissed because the contractual provisions in the respective service agreements with the Architects limit indemnification to claims caused in whole or in part by the Architects, their employees, or their consultants. (See NYSCEF Document Number 196, Sec. 7.8 and NYSCEF 295, Sec. 8.1.) As stated above, the opposition has failed to demonstrate that the Architects were responsible for the Excavation Work, and therefore such indemnification provisions have not been triggered. Lulgjuraj v Brown Harris Stevens Residential Mgmt. LLC, 185 AD3d 502, 503 (1st Dept 2020). As to common law indemnification cross claims, such "require[] proof not only that the proposed indemnitor's negligence contributed to the causation of the accident, but also that the party seeking indemnity was free from negligence." Martins v Little 40 Worth Assoc., Inc., 72 AD3d 483, 484 (1st Dept 2010). The opposition has raised no issue of fact

**153139/2015  ROLF, CHRISTOPHER vs. TRIBECA DEVELOPMENT PARTNERS**          **Page 8 of 9**
  **Motion No.  004 005**

8 of 9

[* 8]

as to either element.  Likewise, the opponents cite no support for their contribution cross-claims against the Architects, as the negligence claims against same have failed.  See Zuckerman, supra.

20240829143959DJAMESE480DFCC33E1406E965FEB9AD1F8DF68

__8/29/2024__
__DATE__

**DEBRA A. JAMES, J.S.C.**

| CHECK ONE: | | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153139/2015   ROLF, CHRISTOPHER vs. TRIBECA DEVELOPMENT PARTNERS**
**Motion No.  004 005**

Page 9 of 9

9 of 9

[* 9]