In an action to recover damages for injury to property, the defendants Rokeya Begum and Rifad Bepary, also known as Bobby Bepary, appeal from (1) an order of the Supreme Court, Queens County (Greco, Jr., J.), entered May 4, 2016, which granted the plaintiff’s motion for summary judgment on the issue of liability against them, and (2) so much of an order of the same court entered October 4, 2016, as, in effect, upon granting that branch of the motion of the defendant Rifad Bepary, also known as Bobby Bepary, which was for leave to renew and reargue his opposition to that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against him, adhered to the original determination granting that branch of the plaintiff’s motion.
 

 Ordered that the appeal from so much of the order entered May 4, 2016, as granted that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against the defendant Rifad Bepary, also known as Bobby Bepary, is dismissed, as that portion of the order was superseded by so much of the order entered October 4, 2016, as was, in effect, made upon renewal and reargument; and it is further,
 

 Ordered that the appeal by the defendant Rokeya Begum from so much of the order entered October 4, 2016, as, in effect, upon renewal and reargument, adhered to the determination in the order entered May 4, 2016, granting that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against the defendant Rifad Bepary, also known as Bobby Bepary, is dismissed, as she is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
 

 Ordered that the order entered May 4, 2016, is reversed insofar as reviewed, on the law, and that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against the defendant Rokeya Begum is denied; and it is further,
 

 Ordered that the order entered October 4, 2016, is reversed insofar as appealed from, on the facts and in the exercise of discretion, upon renewal and reargument, that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against the defendant Rifad Bepary, also known as Bobby Bepary, is denied, and the order entered May 4, 2016, is modified accordingly; and it is further,
 

 Ordered that one bill of costs is awarded to the appellants.
 

 The plaintiff is the owner of real property located in Elmhurst, Queens. In or around November 2010, construction and excavation operations were taking place on property located adjacent to the plaintiff’s property (hereinafter the adjacent property). The defendant Rokeya Begum was the titled owner of the adjacent property at the time, and her son, the defendant Rifad Bepary, also known as Bobby Bepary (hereinafter together the defendants), was also alleged to be an owner of the adjacent property. In November 2013, the plaintiff commenced this action against the defendants and others, alleging, inter alia, that her property was damaged as a result of the negligent excavation of the adjacent property and that the defendants violated provisions of the Administrative Code of the City of New York and the New York City Building Code requiring those who conduct excavation activities on their property to preserve and protect adjoining properties from damage. After issue was joined but prior to depositions being conducted, the plaintiff moved for summary judgment on the issue of liability against the defendants. The defendants opposed the motion. In an order entered May 4, 2016, the Supreme Court granted the plaintiff’s motion. Thereafter, Bepary moved for leave to renew and reargue his opposition to that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against him. The court, in effect, granted renewal and reargument, and thereupon adhered to the original determination granting that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against Bepary. The defendants appeal.
 

 New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3309.4 provides that “[w]henever soil or foundation work occurs, regardless of the depth of such, the person who causes such to be made shall, at all times during the course of such work and at his or her own expense, preserve and protect from damage any adjoining structures, including but not limited to footings and foundations, provided such person is afforded a license in accordance with the requirements of Section 3309.2 to enter and inspect the adjoining buildings and property, and to perform such work thereon as may be necessary for such purpose. If the person who causes the soil or foundation work is not afforded a license, such duty to preserve and protect the adjacent property shall devolve to the owner of such adjoining property, who shall be afforded a similar license with respect to the property where the soil or foundation work is to be made.”
 

 We have held that section 3309.4 imposes strict or absolute liability upon a “ ‘person who causes’ an excavation to be made” (American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d 903, 905 [2015], quoting NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] § BC 3309.4; see Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481 [2012]). Nonetheless, on this record, the Supreme Court erred in granting that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against Begum, as the plaintiff failed to submit any evidence demonstrating that she granted Begum the requisite license under section 3309.4 (see O’Hara v New School, 118 AD3d 480, 481 [2014]) or, in the absence of a license, what, if any, actions the plaintiff took to satisfy her duty under section 3309.4 to protect and preserve her property (see NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] § BC 3309.4).
 

 Regarding that branch of Bepary’s motion which was for leave to renew his opposition to that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against him, a motion for leave to renew is addressed to the sound discretion of the court (see Donovan v Rizzo, 149 AD3d 1038 [2017]) and “shall be based upon new facts not offered on the prior motion that would change the prior determination” (CPLR 2221 [e] [2]). Here, the new facts submitted by Bepary raised triable issues of fact as to whether he was an owner of the adjacent property and/or a person who caused the excavation to be made (see 492 Kings Realty, LLC v 506 Kings, LLC, 105 AD3d 991, 995 [2013]). Regarding that branch of Bepary’s motion which was for leave to reargue his opposition to that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against him, a motion for leave to reargue is addressed to the sound discretion of the court that decided the prior motion and must be based upon matters of fact or law allegedly overlooked by the court in its determination of the prior motion (see CPLR 2221 [d] [2]; Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1108-1109 [2017]). Here, the court improvidently exercised its discretion by, in effect, upon reargument, adhering to its original determination, as it overlooked Bepary’s arguments regarding the license provisions of section 3309.4 and his claim that he was not an owner of the adjacent property or a person who caused the excavation. Accordingly, the Supreme Court, upon renewal and reargument, should have denied that branch of the plaintiff’s motion which was for summary judgment on the issue of liability against Bepary.
 

 The plaintiff’s remaining contentions either are without merit or have been rendered academic by our determination.
 

 Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.