211-12 N. Blvd. Corp. v LIC Contr., Inc. (2020 NY Slip Op 04134)





211-12 N. Blvd. Corp. v LIC Contr., Inc.


2020 NY Slip Op 04134


Decided on July 22, 2020


Appellate Division, Second Department


Leventhal, J.p., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-09187
 (Index No. 700656/16)

[*1]211-12 Northern Boulevard Corp., et al., respondents,
v
LIC Contracting, Inc., et al., appellants, et al., defendants.



APPEAL by the defendants LIC Contracting, Inc., Seungho S. Kim, and Jeewha Kim, in an action to recover damages for injury to property, from an order of the Supreme Court (Carmen R. Velasquez, J.), entered in Queens County on July 17, 2017. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first through seventh causes of action insofar as asserted against those defendants.



Ahmuty Demers & McManus, Albertson, NY (Glenn A. Kamiska and Nicholas A. Cardascia of counsel), for appellants.
Jaspan Schlesinger LLP, Garden City, NY (Christopher E. Vatter and Steven R. Schlesinger of counsel), for respondents.



LEVENTHAL, J.P.


OPINION & ORDER
The New York City Building Code includes provisions protecting adjoining property from damage during construction or demolition work (see New York City Building Code [Administrative Code of City of NY, tit 28, ch 7] § BC 3309 et seq. [hereinafter section BC 3309]). Section BC 3309.4 imposes strict liability for excavation work that causes damage to adjoining property. On this appeal, we clarify what a plaintiff moving for summary judgment must demonstrate to establish its prima facie entitlement to judgment as a matter of law on the issue of liability on a cause of action alleging a violation of section BC 3309.4. We hold that where, as here, a plaintiff presents evidence showing, prima facie, that no request for a license was made to the plaintiff in accordance with section BC 3309 before the excavation work began, a plaintiff moving for summary judgment on the issue of liability on a cause of action alleging a violation of section BC 3309.4 need not demonstrate, prima facie, that the plaintiff granted the requisite license, or, in the absence of a license, what, if any, actions it took to protect its premises.
Background
211-12 Northern Boulevard Corp. (hereinafter Northern) owned certain real property located in Queens, known as 211-12 and 211-14 Northern Boulevard, and the two-story building situated thereon (hereinafter the subject premises). The building consisted of five separate rental units. SAI Grocery, Inc. (hereinafter SAI), was a tenant and operated a convenience store there. Pradip Gohil was the President of Northern and of SAI.
Seungho S. Kim (hereinafter S. Kim) and Jeewha Kim owned adjacent real property [*2]known as 211-02 and 211-04 Northern Boulevard [FN1] (hereinafter the adjacent premises). LIC Contracting, Inc. (hereinafter LIC), whose President was S. Kim, was hired to construct a three-story commercial building with two-level underground parking on the adjacent premises. S. Kim hired Duk Gyoo Lee and TL Engineering, P.C. (hereinafter TL), to design architectural and building plans for the contemplated building.
By letter dated August 12, 2015, TL, by its President and Principal, Duk Gyoo Lee, wrote to Northern. The letter indicated that it was "Re: 5 Days Notice (New Building)." The body of the letter indicated:
"We, TL Engineering PC as Architect/Engineering firm herein, would like to notify you that General Contractor is about to start excavation on the existing vacant lot to build a new 3 story building at the address above indicated [211-02 Northern Blvd.]. It may cause some noises and inconvenience while construction is going on. If you have any question or concern, please feel free to contact us.
"Thank you for your understanding and cooperation."
In late October 2015, LIC employees began construction work at the adjacent premises. Excavation work was performed to install the foundation for the underground parking garage. Around November 18, 2015, LIC commenced work on the side closest to the subject premises. Once the shoring work was completed nearest the subject premises and LIC was in the process of pouring the concrete foundation on that side, S. Kim noticed what he would later describe as "minimal cracks" on the wall of the subject premises' building. He would later claim that, the same day, he spoke to the owner of the subject premises. According to S. Kim, the owner said that S. Kim could finish pouring the concrete foundation. In turn, S. Kim agreed to fix the cracks and do the shoring work on the subject premises even though, according to him, the "building clearly had prior cracks."
Gohil, in a subsequent affidavit, claimed that LIC pared away and removed the soil directly next to the property line between the subject premises and the adjacent premises to a depth of more than 25 to 30 feet. Gohil averred that this excavation work was performed without properly shoring up the subject premises or taking appropriate precautions to prevent undermining. According to Gohil, S. Kim acknowledged to Gohil that the excavation work had caused damage to the subject premises and promised to repair it. Gohil asserted that, thereafter, LIC, without the plaintiffs' permission or consent, entered onto the subject premises and attempted to make repairs, including by adding cement to the building's wall to conceal the damages sustained.
The New York City Department of Buildings (hereinafter DOB) issued stop-work orders. According to the DOB, there was a violation of section BC 3309.4, for "failure to protect adjoining structure during excavation operations. There is a 30ft shear cut at exposure to that is next to the adjoining property [at] 211-12 Northern Blvd. Remedy: Stop all work. Provide Protecti[on]." S. Kim, in his later affidavit, asserted that LIC undertook certain steps at the DOB's direction, such as backfilling soil and installing crack monitors.
An agreement to give a temporary license to access the subject premises was drafted, but ultimately, it was not executed. S. Kim later claimed that the temporary license agreement was "one sided," "too onerous," and included terms that had not been discussed when the parties' representatives had met.
In January 2016, Northern and SAI (hereinafter together the plaintiffs) commenced this action, inter alia, to recover damages for injury to property against, among others, LIC, S. Kim, and Jeewha Kim (hereinafter collectively the defendants). The plaintiffs moved, inter alia, for summary judgment on the issue of liability insofar as asserted against the defendants. The plaintiffs argued, among other things, that the defendants were strictly liable under section BC 3309.4 for causing excavation work to be done that proximately caused damages to the subject premises. They contended that, despite the requirements of section BC 3309, the defendants never sought a license from the plaintiffs to enter onto the subject premises. Among the plaintiffs' submissions in support of their summary judgment motion was Gohil's affidavit. Gohil averred that other than the letter [*3]dated August 12, 2015, the defendants did not provide the plaintiffs with any other information regarding the proposed work and did not detail the extent or duration of the proposed excavation. According to Gohil, the defendants made no request for a license from the plaintiffs to enter onto the subject premises. The defendants opposed the motion, arguing, inter alia, that summary judgment was premature and that there was, at the least, a triable issue of fact as to whether the work proximately caused damage to the subject premises.
By order entered July 17, 2017, the Supreme Court, among other things, granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first through seventh causes of action insofar as asserted against the defendants. The defendants appeal.
This Appeal
Section BC 3309
The defendants challenge the Supreme Court's determination granting that branch of the plaintiffs' motion which was for summary judgment on the issue of their liability on the causes of action alleging a violation of section BC 3309.4. They advance several grounds why, in their view, the plaintiffs were not entitled to summary judgment on the issue of liability on these causes of action. Most notably, the defendants contend that the plaintiffs, in moving for summary judgment, failed to make a prima facie showing that the plaintiffs provided a license to the defendants within the meaning of the section.
The plaintiffs are correct that this license contention is raised for the first time on appeal. In general, a contention raised for the first time on appeal is not properly before this Court (see e.g. R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864, 864; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335). However, this Court may review a question presented for the first time on appeal if it is one of law that appeared on the face of the record and that could not have been avoided if raised at the proper juncture (see Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 618; Block v Magee, 146 AD2d 730, 732-733). As discussed below, there is case law supporting the proposition that a plaintiff moving for summary judgment on the issue of liability on a cause of action alleging a violation of section BC 3309.4 must show, prima facie, that the plaintiff granted the requisite license for the defendant to access, inspect, and protect its property (see Chan v Begum 153 AD3d 1223; O'Hara v New School, 118 AD3d 480; see also Reiss v Professional Grade Constr. Group, Inc., 172 AD3d 1121). Under these circumstances, where the defendants are, in effect, challenging the plaintiffs' legal showing on their summary judgment motion, as opposed to challenging the sufficiency of the plaintiffs' evidence in support of their motion, the defendants' argument is reviewable even though it is raised for the first time on appeal (cf. Lewis v Holliman, 176 AD3d 1048, 1049; Shahid v City of New York, 144 AD3d 1127, 1129).
Section BC 3309.4, entitled, "Soil or foundation work affecting adjoining property," provides:
"Whenever soil or foundation work occurs, regardless of the depth of such, the person who causes such to be made shall, at all times during the course of such work and at his or her own expense, preserve and protect from damage any adjoining structures, including but not limited to footings and foundations, provided such person is afforded a license in accordance with the requirements of Section 3309.2 to enter and inspect the adjoining buildings and property, and to perform such work thereon as may be necessary for such purpose. If the person who causes the soil or foundation work is not afforded a license, such duty to preserve and protect the adjacent property shall devolve to the owner of such adjoining property, who shall be afforded a similar license with respect to the property where the soil or foundation work is to be made."
Section BC 3309.4 contains the equivalent provision of former Administrative Code of the City of New York § 27-1031(b)(1). In Yenem Corp. v 281 Broadway Holdings (18 NY3d 481), the Court of Appeals held that the former Administrative Code section imposed absolute liability on defendants whose excavation work caused damage to adjoining property. Judge Ciparick, writing for the Court, stated that "[t]hough formerly a state law and now a local ordinance, section 27-1031(b)(1) continues to embody the specific legislative policy that in New York City those who undertake excavation work, rather than those whose interest in neighboring land is harmed by it, should bear its costs" (Yenem Corp. v 281 Broadway Holdings, 18 NY3d at 491). Although in Yenem, the Court of Appeals "d[id] not pass on that provision [section BC 3309.4], as it is not [*4]before us on this appeal" (Yenem Corp. v 281 Broadway Holdings, 18 NY3d at 492 n 2), the Appellate Division has held that section BC 3309.4 also imposes strict or absolute liability on a person who causes an excavation to be made (see Reiss v Professional Grade Constr. Group, Inc., 172 AD3d at 1123 ["(section) BC 3309.4 imposes strict or absolute liability upon a person who causes an excavation to be made" (internal quotation marks omitted)]; Chan v Begum, 153 AD3d at 1225 ["We have held that section 3309.4 imposes strict or absolute liability upon a person who causes an excavation to be made" (internal quotation marks omitted)]; American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d 903, 905 ["section 3309.4, like its predecessor Administrative Code § 27-1031(b)(1), does impose absolute liability upon the person who causes an excavation to be made" (internal quotation marks omitted)]; see also Moskowitz v Tory Burch LLC, 161 AD3d 525, 527 ["the statute (section BC 3309.4) imposes strict liability"]).
There are cases supporting the proposition that a plaintiff moving for summary judgment on the issue of liability on a cause of action alleging a violation of section BC 3309.4 must show, prima facie, that the plaintiff granted the requisite license or, absent such a license, what actions it took to protect its property. In Chan v Begum (153 AD3d 1223, 1225), this Court held that, on the record, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Rokeya Begum, "as the plaintiff failed to submit any evidence demonstrating that she granted Begum the requisite license under section 3309.4 (see O'Hara v New School, 118 AD3d 480, 481 [2014]) or, in the absence of a license, what, if any, actions the plaintiff took to satisfy her duty under section 3309.4 to protect and preserve her property (see NY City Building Code [Administrative Code of the City of NY tit 28, ch 7] § BC 3309.4)." In O'Hara v New School (118 AD3d 480), cited to in Chan, the First Department held that the plaintiffs failed to make a prima facie showing that the defendants violated section BC 3309.4 and that the violation proximately caused the plaintiffs' alleged injuries. The First Department explained, in part, that "[i]n particular, plaintiffs did not proffer evidence showing that they granted defendants the requisite license under the statute. In any event, defendants sharply contest that a license was given, which is enough to raise a genuine issue of material fact" (O'Hara v New School, 118 AD3d at 481). Citing in support to Chan and O'Hara, a trial court has held that "to demonstrate a prima facie violation of the statute, a movant must show that it granted the defendant/person who caused the excavation the requisite license to enter the adjoining property and inspect it. In the absence of such a license, a movant must show what if any actions it took to satisfy [its] duty under section 3309.4 to protect and preserve [its] property" (Famous Formaggio Pizzeria, LLC v Procida Constr. Corp., 59 Misc 3d 661, 667 [Supreme Ct, Bronx County] [citation and internal quotation marks omitted]). Recently, in Reiss v Professional Grade Constr. Group, Inc. (172 AD3d at 1123), this Court agreed with the Supreme Court's determination granting the plaintiffs' motion for summary judgment on the issue of liability against certain defendants. This Court stated that "[t]he plaintiffs demonstrated, prima facie, that [those defendants] caused soil or foundation work to be made, pursuant to a license granted under New York City Building Code § BC 3309.4, and that the work proximately caused damage to their building."
This line of cases may suggest that the plaintiffs here failed to demonstrate their prima facie entitlement to judgment as a matter of law on these causes of action. The plaintiffs' submissions demonstrated, prima facie, that the excavation work caused to be done by the defendants proximately caused damage to the subject premises. Further, the plaintiffs proffered evidence tending to show that the defendants failed to provide proper notification and request a license within the meaning of section BC 3309 before beginning the excavation work. However, the above line of cases may suggest that the plaintiffs did not meet their burden of showing a prima facie violation of section BC 3309.4 because they did not demonstrate that they granted the requisite license, or, in the absence of a license, what, if any, actions they took to satisfy their duty to protect the subject premises. Indeed, in Chan, the trial court, in awarding summary judgment to the plaintiff on this cause of action, specifically noted that the plaintiff claimed, and the defendants did not refute, that the defendants there failed to seek a license to inspect or secure the plaintiff's property (see Chan v Begum, 2016 WL 2945339 *1, *2 [Supreme Court, Queens County, No. 705439/2013 (Greco, Jr., J.)]). Yet, in reversing the trial court in Chan, this Court held that "on this record, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Begum, as the plaintiff failed to submit any evidence demonstrating that she granted Begum the requisite license under section 3309.4 or, in the absence of a license, what, if any, actions the plaintiff took to satisfy her duty under section 3309.4 to protect and preserve her [*5]property" (Chan v Begum, 153 AD3d at 1225 [citation omitted]).
However, despite what this line of cases may suggest, we agree with the Supreme Court's determination that the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of the defendants' liability on the causes of action alleging a violation of section BC 3309.4. We conclude that where, as here, a plaintiff presents evidence showing, prima facie, that no request for a license was made to the plaintiff in accordance with section BC 3309 before the excavation work began, the plaintiff, in order to obtain summary judgment on the issue of liability on a cause of action alleging a violation of section BC 3309.4, need not demonstrate, prima facie, that it granted the requisite license, or, in the absence of a license, what, if any, actions it took to protect its premises. To the extent our cases, such as Chan, support a contrary conclusion, they should no longer be followed for that proposition.
Our conclusion is based on the language of section BC 3309. "In matters of statutory interpretation, our primary consideration is to discern and give effect to the Legislature's intention" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120). "[T]he text of a provision is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning. Additionally, we should inquire into the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history. Finally, it is well settled that a statute must be construed as a whole and that its various sections must be considered with reference to one another" (id. at 120 [citations and internal quotation marks omitted]).
Section BC 3309 is entitled "Protection of Adjoining Property." Section BC 3309.1, entitled "Protection required," provides, in part, "Adjoining public and private property, including persons thereon, shall be protected from damage and injury during construction or demolition work in accordance with the requirements of this section. Protection must be provided for footings, foundations, party walls, chimneys, skylights and roofs. Provisions shall be made to control water run-off and erosion during construction or demolition activities." Section BC 3309.1.1, entitled "Notification," provides:
"Where a construction or demolition project will require access to adjoining property in accordance with this section, written notification shall be provided to the adjoining property owner at least 60 calendar days prior to the commencement of work. Such notification shall describe the nature of work, estimated schedule and duration, details of inspections or monitoring to be performed on the adjoining property, protection to be installed on the adjoining property, and contact information for the project. Where no response is received, a second written notification shall be made no more than 45 calendar days, and not less than 30 calendar days, prior to the commencement of work."
Section BC 3309.2, entitled "License to enter adjoining property," provides:
"The responsibility of affording any license to enter adjoining property shall rest upon the owner of the adjoining property involved; and in case any tenant of such owner fails or refuses to permit the owner to afford such license, such failure or refusal shall be a cause for the owner to dispossess such tenant through appropriate legal proceedings for recovering possession of real property. Nothing in this chapter shall be construed to prohibit the owner of the property undertaking construction or demolition work from petitioning for a special proceeding pursuant to Section 881 of the Real Property Actions and Proceedings Law."[FN2]
Section BC 3309.3, entitled "Physical examination," provides:
"When permission to enter upon adjoining property has been obtained, a physical examination of such property shall be conducted by the person causing the construction or demolition operations prior to the commencement of the operations and at reasonable periods during the progress of the work. Observed conditions shall be recorded by the person causing the construction or demolition operations, and such records shall be made available to the department upon request."
Section BC 3309.4, as quoted above, includes the provision regarding a license being afforded. Immediately following it are sections that specifically address "Additional safeguards during excavation" (section BC 3309.4.1); "Support of party walls" (section BC 3309.4.2); "Preconstruction survey" (section BC 3309.4.3); "Monitoring" (section BC 3309.4.4); and "Potential hazard" (section BC 3309.4.5).
Construing the language as a whole and considering its various sections with reference to one another, section BC 3309 protects adjoining property from damage during construction or demolition work and imposes strict or absolute liability in the context of excavation work that causes damage to adjoining property. It details a procedure to be followed to protect adjoining property that may include notification, physical examination, and monitoring. To enable a party who causes an excavation to be made to comply with its obligation to protect adjoining property, section BC 3309.4 imposes on the adjoining property owner the responsibility of affording a license to enter, inspect, and perform such work on the adjoining property as is necessary to protect it during the work. Where a license, though duly requested, is refused or is not provided by the adjoining property owner, the obligation to protect the adjacent property devolves to the adjoining property owner. However, an adjoining property owner has no occasion to afford a license in accordance with this section where no request for a license has been made.
To permit the defendants to defeat the plaintiffs' summary judgment motion by pointing to the absence of a license may lead to an absurd result in cases alleging a violation of section BC 3309.4. Namely, an excavator who follows the provisions of section BC 3309, such as providing notification and seeking a license, and who is afforded a license, will be subject to strict liability for damages caused by the excavation, while an excavator who does not follow the provisions of section BC 3309 may escape liability since, in the absence of a license, the duty to protect adjoining property devolves to the adjoining property owner. We must interpret section BC 3309 so as to avoid this absurd result (see generally Lubonty v U.S. Bank N.A., 34 NY3d 250, 255 ["We must also interpret a statute so as to avoid an unreasonable or absurd application of the law" (internal quotation marks omitted)]).
We also reject the defendants' contention that the plaintiffs did not meet their prima facie burden on these causes of action because the temporary license agreement in the record was not executed. Section BC 3309.4 calls for a license being afforded to enter onto and protect adjoining property before excavation work begins. That the parties were unable to agree on a license drafted after the excavation work was performed, after the subject premises were damaged, and after the stop work orders were issued, is not relevant to the plaintiffs' prima facie demonstration of their entitlement to judgment as a matter of law on these causes of action.
The defendants failed to raise a triable issue of fact in opposition to the plaintiffs' prima facie showing on these causes of action. While the defendants dispute the extent of the damages that were caused by the excavation, "[t]he allegedly poor preexisting condition of the plaintiffs' building does not factor into a proximate cause analysis under New York City Building Code § BC 3309.4, but merely raises an issue of fact as to damages" (Reiss v Professional Grade Constr. Group, Inc., 172 AD3d at 1123; see Yenem Corp. v 281 Broadway Holdings, 18 NY3d at 491). Moreover, the defendants failed to "identify the information they hoped to obtain through further discovery that would relieve them of liability" (Winzelberg v 1319 50th St. Realty Corp., 114 AD3d 674, 674).
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiffs' motion which was for summary judgment on the issue of the defendants' liability [*6]on the causes of action alleging a violation of section BC 3309.4.
Other Causes of Action at Issue on Appeal
We also agree with the Supreme Court's determination granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging trespass insofar as asserted against the defendants. "The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission" (Reyes v Carroll, 137 AD3d 886, 888). Here, the plaintiffs demonstrated, prima facie, that the defendants intentionally entered onto their land, without justification or permission, to make certain repairs and to install monitoring devices on the plaintiffs' building (see id. at 888). Contrary to the defendants' contention, the affidavit of S. Kim to the effect that the repairs and monitoring were done at the direction of the DOB was insufficient to raise a triable issue of fact as to whether the trespasses were justified (see Madison 96th Assoc., LLC v 17 E. 96th Owners Corp., 121 AD3d 605, 608; cf. Moskowitz v Tory Burch LLC, 161 AD3d at 526 n; Woodhull v Town of Riverhead, 46 AD3d 802, 804). Moreover, the defendants did not specifically address, through an affidavit from a person with personal knowledge of the facts, Gohil's assertion that the defendants, without the plaintiffs' permission or consent, entered onto the subject premises and added cement to the building's wall.
We further agree with the Supreme Court that the plaintiffs met their prima facie burden on the issue of liability on the cause of action alleging nuisance insofar as asserted against the defendants. Private nuisance is an intentional, unreasonable, substantial inference with a person's property right to use and enjoy land, caused by another's conduct in acting or failing to act (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570; Behar v Quaker Ridge Golf Club, Inc., 118 AD3d 833, 835). In this case, the plaintiffs demonstrated, prima facie, that the excavation caused structural damage to their building, rendering the building unsafe for occupancy, thereby depriving the plaintiffs of the use and enjoyment of the subject premises (see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 856).
However, we agree with the defendants that the Supreme Court should have denied, as premature, that branch of the plaintiffs' motion which was for summary judgment on the issue of the liability on the cause of action alleging nuisance insofar as asserted against the defendants. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see CPLR 3212[f]; Castro v Rodriguez, 176 AD3d 1031). Here, the defendants contend that the plaintiffs' motion was premature in light of outstanding discovery regarding the preexisting condition of the premises and the extent of the damage caused by the excavation. While the allegedly poor preexisting condition of the plaintiffs' building is not relevant to liability on the Building Code causes of action (see Reiss v Professional Grade Constr. Group, Inc., 172 AD3d at 1123), the extent of the damages which were caused by the excavation is relevant to the issue of whether the excavation substantially interfered with the plaintiffs' use and enjoyment of the land (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 570).
The defendants' remaining contentions are without merit.
Conclusion
We modify the order. Although the Supreme Court should have denied, as premature, that branch of the plaintiffs' motion which was for summary judgment on the issue of the liability on the cause of action alleging nuisance insofar as asserted against the defendants, we otherwise agree with the Supreme Court's determinations insofar as challenged on the defendants' appeal. We clarify that where, as here, a plaintiff presents evidence showing, prima facie, that no request for a license was made in accordance with section BC 3309 before the excavation work began, a plaintiff moving for summary judgment on the issue of liability on a cause of action alleging a violation of section BC 3309.4 need not demonstrate, prima facie, that it granted the requisite license, or, in the absence of a license, what, if any, actions it took to protect its premises.
Accordingly, the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging nuisance insofar as asserted against the defendants, and substituting therefor a provision denying, as premature, that branch of the plaintiffs' motion; as so modified, the order is affirmed insofar as appealed from.
ROMAN, COHEN and MILLER, JJ., concur.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging nuisance insofar as asserted against the defendants LIC Contracting, Inc., Seungho S. Kim, and Jeewha Kim, and substituting therefor a provision denying, as premature, that branch of the plaintiffs' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:There is some indication in the record that the defendant 211 St., LLC, also held an ownership interest in the adjacent property; a default judgment was awarded against 211 St., LLC.

Footnote 2:Real Property Actions and Proceedings Law § 881 provides: "When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry."