Georgitsi Realty, LLC v Armory Plaza, Inc. (2023 NY Slip Op 00413)

Georgitsi Realty, LLC v Armory Plaza, Inc.

2023 NY Slip Op 00413

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2018-03873
 (Index No. 45669/07)

[*1]Georgitsi Realty, LLC, et al., respondents, 
v
Armory Plaza, Inc., et al., appellants, et al., defendants.

Jerald J. DeSocio & Associates, P.C., Oyster Bay, NY (Jonathan M. Cohen of counsel), for appellants Armory Plaza, Inc., Armory Heights, LLC, Jack LoCicero, and Lorenzo LoCicero.
Goldberg Weg & Markus, PLLC, New York, NY (Cecily A. Harris and Israel Goldberg of counsel), for appellants Bricolage Designs, Henry Radusky, and Douglas Pulaski.
Sinnreich Kosakoff & Messina, LLP, Central Islip, NY (Timothy F. Hill and Michael Stanton of counsel), for appellant Sanchez Associates, P.C.
Wade Clark Mulcahy, LLP, New York, NY (Dana Purcaro and Marium Sulaiman of counsel), for appellant Xingjian Construction, Inc.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis and Steven Phillips of counsel), for appellants Diamond Point Excavating Corp. and Jafco Group, Inc.
The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck and Christopher Fraser of counsel), for respondent Georgitsi Realty, LLC.
Hiller, P.C., New York, NY (Michael S. Hiller, Scott D. Woller, and Jason E. Zakai of counsel), for respondents 1504 Realty, LLC, Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn.
Fern Flomenhaft PLLC, New York, NY, for respondent New Hampshire Insurance Company.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for injury to property, the defendants Armory Plaza, Inc., Armory Heights, LLC, Jack LoCicero, and Lorenzo LoCicero, the defendants Bricolage Designs, Henry Radusky, and Douglas Pulaski, the defendant Sanchez Associates, P.C., the defendant Xingjian Construction, Inc., and the defendants Diamond Point Excavating Corp. and Jafco Group, Inc., separately appeal from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated February 23, 2018. The order, insofar as appealed from by the defendants Armory Plaza, Inc., Armory Heights, LLC, Jack LoCicero, and Lorenzo LoCicero, [*2](1) granted those branches of the motion of the plaintiff Georgitsi Realty, LLC, which were for summary judgment on the issue of liability on the causes of action of that plaintiff alleging a violation of former Administrative Code of the City of New York § 27-1031(b)(1) and negligence insofar as asserted against them, (2) granted those branches of the motion of the plaintiffs 1504 Realty, LLC, Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn which were for summary judgment on the issue of liability on the first cause of action of the plaintiff 1504 Realty, LLC, and the first cause of action of the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn insofar as asserted against them, and (3) granted that branch of the motion of the plaintiff New Hampshire Insurance Company which was for summary judgment on the issue of liability on the cause of action of that plaintiff alleging a violation of former Administrative Code of the City of New York § 27-1031(b)(1) insofar as asserted against them. The order, insofar as appealed from by the defendants Bricolage Designs, Henry Radusky, and Douglas Pulaski, denied their cross motion for summary judgment dismissing the second amended complaint of the plaintiff Georgitsi Realty, LLC, the fourth amended complaint of the plaintiff 1504 Realty, LLC, the third amended complaint of the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn, the complaint of the plaintiff New Hampshire Insurance Company, and all cross claims insofar as asserted against them. The order, insofar as appealed from by the defendant Sanchez Associates, P.C., (1) granted those branches of the motion of the plaintiffs 1504 Realty, LLC, Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn which were for summary judgment on the issue of liability on so much of the first cause of action of the plaintiff 1504 Realty, LLC, as alleged a violation of former Administrative Code of the City of New York § 27-1031(b)(1) and so much of the first cause of action of the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn as alleged a violation of former Administrative Code of the City of New York § 27-1031(b)(1) insofar as asserted against it, (2), sua sponte, awarded the plaintiff 1504 Realty, LLC, summary judgment on so much of the first cause of action of that plaintiff as alleged negligence insofar as asserted against it, and awarded the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn summary judgment on so much of the first cause of action of those plaintiffs as alleged negligence insofar as asserted against it, and (3) granted that branch of the motion of the plaintiff New Hampshire Insurance Company which was for summary judgment on the issue of liability on the cause of action of that plaintiff alleging a violation of former Administrative Code of the City of New York § 27-1031(b)(1) insofar as asserted against it. The order, insofar as appealed from by the defendant Xingjian Construction, Inc., denied its motion for summary judgment dismissing the second amended complaint of the plaintiff Georgitsi Realty, LLC, the fourth amended complaint of the plaintiff 1504 Realty, LLC, the third amended complaint of the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn, the complaint of the plaintiff New Hampshire Insurance Company, and all cross claims insofar as asserted against it. The order, insofar as appealed from by the defendants Diamond Point Excavating Corp. and Jafco Group, Inc., granted those branches of the motion of the plaintiffs 1504 Realty, LLC, Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn which were for summary judgment on the issue of liability on so much of the first cause of action of the plaintiff 1504 Realty, LLC, as alleged a violation of former Administrative Code of the City of New York § 27-1031(b)(1) and so much of the first cause of action of the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn as alleged a violation of former Administrative Code of the City of New York § 27-1031(b)(1) insofar as asserted against them.
ORDERED that on the Court's own motion, the notice of appeal of the defendant Sanchez Associates, P.C., from so much of the order as, sua sponte, awarded the plaintiff 1504 Realty, LLC, summary judgment on so much of the first cause of action of that plaintiff as alleged negligence insofar as asserted against it, and awarded the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist [*3]Church of Brooklyn summary judgment on so much of the first cause of action of those plaintiffs as alleged negligence insofar as asserted against it, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the plaintiff Georgitsi Realty, LLC, which were for summary judgment on the issue of liability on the causes of action of that plaintiff alleging a violation of former Administrative Code of the City of New York § 27-1031(b)(1) and negligence insofar as asserted against the defendants Armory Plaza, Inc., Armory Heights, LLC, Jack LoCicero, and Lorenzo LoCicero, and substituting therefor a provision denying those branches of the motion, (2) by deleting the provision thereof granting those branches of the motion of the plaintiffs 1504 Realty, LLC, Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn which were for summary judgment on the issue of liability on the first cause of action of the plaintiff 1504 Realty, LLC, and the first cause of action of the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn insofar as asserted against the defendants Jack LoCicero, and Lorenzo LoCicero, and substituting therefor a provision denying those branches of the motion, (3) by deleting the provision thereof granting that branch of the motion of the plaintiff New Hampshire Insurance Company which was for summary judgment on the issue of liability on the cause of action of that plaintiff alleging a violation of former Administrative Code of the City of New York § 27-1031(b)(1) insofar as asserted against the defendants Jack LoCicero, and Lorenzo LoCicero, and substituting therefor a provision denying that branch of the motion, (4) by deleting the provision thereof granting those branches of the motion of the plaintiffs 1504 Realty, LLC, Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn which were for summary judgment on the issue of liability on so much of the first cause of action of the plaintiff 1504 Realty, LLC, as alleged negligence and so much of the first cause of action of the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn as alleged negligence insofar as asserted against the defendants Armory Plaza, Inc., and Armory Heights, LLC, and substituting therefor a provision denying those branches of the motion, (5) by deleting the provision thereof, sua sponte, awarding the plaintiff 1504 Realty, LLC, summary judgment on so much of the first cause of action of that plaintiff as alleged negligence insofar as asserted against the defendant Sanchez Associates, P.C., and awarded the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn summary judgment on so much of the first cause of action of those plaintiffs as alleged negligence insofar as asserted against the defendant Sanchez Associates, P.C., and (6) by deleting the provision thereof denying those branches of the cross motion of the defendants Bricolage Designs, Henry Radusky, and Douglas Pulaski which were for summary judgment dismissing the causes of action of the plaintiff Georgitsi Realty, LLC, the plaintiff 1504 Realty, LLC, and the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn alleging trespass and the cross claims for contractual indemnification insofar as asserted against them, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
This action arises from the construction of a multistory apartment building with two levels of underground parking on certain real property located in Brooklyn (hereinafter the subject property). The plaintiff Georgitsi Realty, LLC (hereinafter Georgitsi), the plaintiff 1504 Realty, LLC (hereinafter 1504 Realty), and the plaintiffs Arthur Strimling, Lisa Segal, Timothy Pietrzak, Catherine Shannon, Boris Gilzon, Martin Zoltowski, and Memorial Baptist Church of Brooklyn (hereinafter collectively the Strimling plaintiffs) were the owners of various parcels of property that adjoined the subject property.
The defendants Armory Plaza, Inc., and Armory Heights, LLC (hereinafter together the Armory defendants), owned the subject property during the construction project. The defendants Jack LoCicero and Lorenzo LoCicero (hereinafter together the LoCicero defendants) were at all relevant times the sole principals of the Armory defendants. In connection with the construction [*4]project, the Armory defendants retained the defendant Bricolage Designs, whose principals were the defendants Henry Radusky and Douglas Pulaski (hereinafter collectively the Bricolage defendants), as the architect, the defendant Sanchez Associates, P.C. (hereinafter Sanchez), as a structural engineer, and the defendant Diamond Point Excavating Corp. (hereinafter Diamond Point) as an excavator. The defendant Jafco Group, Inc., is the successor entity of Diamond Point (hereinafter together the Diamond Point defendants). The defendant Xingjian Construction, Inc. (hereinafter Xingjian), allegedly was retained as a general contractor for the construction project.
1504 Realty, the Strimling plaintiffs, Georgitsi, and the plaintiff New Hampshire Insurance Company (hereinafter New Hampsire), as subrogee of 1504 Realty, each commenced an action, inter alia, to recover damages for injury to their respective properties allegedly caused by the construction project. In each action, the plaintiffs asserted causes of action alleging, among other things, a violation of former Administrative Code of the City of New York § 27-1031(b)(1) and negligence. The four actions were subsequently consolidated.
Former Administrative Code § 27-1031(b)(1) provides that "[w]hen an excavation is carried to a depth more than ten feet below the legally established curb level the person who causes such excavation to be made shall, at all times and at his or her own expense, preserve and protect from injury any adjoining structures, the safety of which may be affected by such part of the excavation as exceeds ten feet below the legally established curb level provided such person is afforded a license to enter and inspect the adjoining buildings and property." This former Administrative Code section imposes strict liability on persons who cause an excavation to be made (see Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481, 486; 492 Kings Realty, LLC v 506 Kings, LLC, 105 AD3d 991, 995; Coronet Props. Co. v L/M Second Ave., 166 AD2d 242, 243). The owner, general contractor, and contractor who physically perform an excavation are, as a matter of law, considered persons "who cause[d] [an] excavation" within the meaning of that provision (former Administrative Code § 27-1031[b][1]; see American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d 903, 905; 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d 540, 541; Coronet Props. Co. v L/M Second Ave., 166 AD2d at 243; Fagan v Pathe Indus., Inc., 274 App Div 703, 706; Marbilla, LLC v 143/145 Lexington LLC, 2013 NY Slip Op 30898[U] [Sup Ct, NY County]). Additionally, strict liability may also extend to those who exercise actual supervision or control over the damage-producing work (see Reiss v Professional Grade Constr. Group, Inc., 172 AD3d 1121, 1124) or otherwise exert sufficient control over the project (see 492 Kings Realty, LLC v 506 Kings, LLC, 105 AD3d at 995).
Generally, a plaintiff moving for summary judgment on the issue of liability on a cause of action alleging a violation of former Administrative Code § 27-1031(b)(1) must show, prima facie, that the plaintiff granted the requisite license (see 211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d 69, 76-77). However, "where . . . a plaintiff presents evidence showing, prima facie, that no request for a license was made to the plaintiff . . . before the excavation work began, the plaintiff, in order to obtain summary judgment on the issue of liability . . . , need not demonstrate, prima facie, that it granted the requisite license" (id. at 78).
The Supreme Court properly granted those branches of the motion of 1504 Realty and the Strimling plaintiffs which were for summary judgment on the issue of liability on so much of 1504 Realty's first cause of action as alleged a violation of former Administrative Code § 27-1031(b)(1) and so much of the Strimling plaintiffs' first cause of action as alleged a violation of former Administrative Code § 27-1031(b)(1) insofar as asserted against the Armory defendants and the Diamond Point defendants, and properly granted those branches of the separate motion of 1504 Realty and the Strimling plaintiffs which were for summary judgment on the issue of liability on so much of 1504 Realty's first cause of action as alleged a violation of former Administrative Code § 27-1031(b)(1) and so much of the Strimling plaintiffs' first cause of action as alleged a violation of former Administrative Code § 27-1031(b)(1) insofar as asserted against Sanchez. 1504 Realty and the Strimling plaintiffs submitted evidence showing, prima facie, that no request for a license was made to them before the excavation work began, and thus, they were not required to demonstrate that they granted the requisite license in order to obtain summary judgment on the issue of liability on [*5]a cause of action alleging a violation of former Administrative Code § 27-1031(b)(1) (see 211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d at 78).
Further, contrary to the Diamond Point defendants' contention, 1504 Realty and the Strimling plaintiffs made a prima facie showing that the Diamond Point defendants are subject to liability under former Administrative Code § 27-1031(b)(1). In support of their motion, 1504 Realty and the Strimling plaintiffs submitted, among other things, a contract between Armory Plaza and Diamond Point dated December 31, 2004. This contract provides, in pertinent part, that Diamond Point was retained to excavate the subject property to a depth of 40 feet. This contract identifying Diamond Point as the excavator for the construction project was sufficient to establish, prima facie, that the Diamond Point defendants caused the excavation within the meaning of former Administrative Code § 27-1031(b)(1) (see American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d at 905). In opposition, the Diamond Point defendants failed to raise a triable issue of fact.
Similarly, 1504 Realty and the Strimling plaintiffs demonstrated, prima facie, that Sanchez is subject to liability under former Administrative Code § 27-1031(b)(1). 1504 Realty and the Strimling plaintiffs submitted evidence showing that Sanchez "substantially contributed to the design and methodology employed during the excavation process" by designing the structural plans for the project and overseeing the excavation (87 Chambers, LLC v 77 Reade, LLC, 122 AD3d at 542). In opposition, Sanchez failed to raise a triable issue of fact.
Based on the foregoing, the Supreme Court also properly granted those branches of New Hampshire's motion which were for summary judgment on the issue of liability on its cause of action alleging a violation of former Administrative Code § 27-1031(b)(1) insofar as asserted against the Armory defendants and Sanchez.
However, the Supreme Court erred in granting that branch of Georgitsi's motion which was for summary judgment on the issue of liability on its cause of action alleging a violation of former Administrative Code § 27-1031(b)(1) insofar as asserted against the Armory defendants. The evidence submitted in support of Georgitsi's motion failed to establish, prima facie, that it granted the Armory defendants a license to access, inspect, and protect its property prior to the commencement of the excavation (see 211-12 N. Blvd. Corp. v LIC Constr., Inc., 186 AD3d at 78; 227 Flatbush, LLC v KSK Constr. Group LLC, 2020 NY Slip Op 33904 [U], *7 [Sup Ct, Kings County]).
The Supreme Court also erred in granting those branches of Georgitsi's motion which were for summary judgment on the issue of liability on its causes of action alleging a violation of former Administrative Code § 27-1031(b)(1) and negligence insofar as asserted against the LoCicero defendants, those branches of the motion of 1504 Realty and the Strimling plaintiffs which were for summary judgment on the issue of liability on 1504 Realty's first cause of action and the Strimling plaintiffs' first cause of action insofar as asserted against the LoCicero defendants, and that branch of New Hampshire's motion which was for summary judgment on the issue of liability on its cause of action alleging a violation of former Administrative Code § 27-1031(b)(1) insofar as asserted against the LoCicero defendants. The scant and contradictory evidence in the record regarding the LoCicero defendants' personal participation in the excavation demonstrated the existence of triable issues of fact regarding their liability (see Qadan v Tehseldar, 139 AD3d 1036, 1037; 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d at 541).
In addition, the Supreme Court erred in, sua sponte, awarding 1504 Realty summary judgment on so much of its first cause of action as alleged negligence insofar as asserted against Sanchez and awarding the Strimling plaintiffs summary judgment on so much of their first cause of action as alleged negligence insofar as asserted against Sanchez. The court exceeded its authority by awarding summary judgment to movants with respect to an issue that was not the subject of the motion (see Zhigue v Lexington Landmark Props., LLC, 183 AD3d 854, 856; Ecoline, Inc. v Heritage Air Sys., Inc., 161 AD3d 1045, 1045-1046). Further, as the court's sua sponte determination as to Sanchez's negligence was improper, its determination that the Armory defendants were vicariously liable for Sanchez's negligence was also improper. Accordingly, the [*6]court erred in granting that branch of Georgitsi's motion which was for summary judgment on the issue of liability on its cause of action alleging negligence insofar as asserted against the Armory defendants, and in granting those branches of the motion of 1504 Realty and the Strimling plaintiffs which were for summary judgment on the issue of liability on so much of 1504 Realty's first cause of action as alleged negligence and so much of the Strimling plaintiffs' first cause of action as alleged negligence insofar as asserted against the Armory defendants.
The Supreme Court properly determined that Xingjian failed to establish its prima facie entitlement to judgment as a matter of law dismissing Georgitsi's second amended complaint, 1504 Realty's fourth amended complaint, the Strimling plaintiffs' third amended complaint, New Hampsire's complaint, and all cross claims insofar as asserted against it. The deposition testimony submitted by Xingjian in support of its motion demonstrated the existence of a triable issue of fact regarding its status as a general contractor (see Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725; Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784-785).
The Supreme Court properly determined that the Bricolage defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of former Administrative Code § 27-1031(b)(1), negligence, and nuisance insofar as asserted against them. The deposition testimony submitted by the Bricolage defendants in support of their motion demonstrated the existence of a triable issue of fact regarding their involvement in, and responsibilities related to, the excavation of the subject property (see Alvarez v 2455 8 Ave, LLC, 202 AD3d at 725). For the same reasons, the court also properly determined that the Bricolage defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cross claims for common-law indemnification insofar as asserted against them.
However, the Supreme Court erred in denying those branches of the Bricolage defendants' cross motion which were for summary judgment dismissing the causes of action of Georgitsi, 1504 Realty, and the Strimling plaintiffs alleging trespass insofar as asserted against them. The trespass causes of action were predicated on allegations that the defendants entered the plaintiffs' respective properties while performing certain construction activities. The deposition testimony submitted in support of the Bricolage defendants' motion, along with an affidavit from Pulaski, established that the Bricolage defendants did not perform any of the physical construction work at the subject property. In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also erred in denying that branch of the Bricolage defendants' cross motion which was for summary judgment dismissing the cross claims for contractual indemnification insofar as asserted against them. The record is devoid of any indication that the Bricolage defendants entered into an indemnification agreement with either the Armory defendants or the LoCicero defendants. Further, it is undisputed that there was no contractual relationship between the Bricolage defendants and any of the other defendants.
The parties' remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court