K.K. Mach. Co., Inc. v Grillo (2025 NY Slip Op 05225)

K.K. Mach. Co., Inc. v Grillo

2025 NY Slip Op 05225

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-01283
 (Index No. 704109/20)

[*1]K.K. Machine Co., Inc., et al., appellants, 
v
Lorraine Grillo, etc., et al., respondents, et al., defendants.

Rothkrug Rothkrug & Spector, LLP, Great Neck, NY (Simon H. Rothkrug of counsel), for appellants.
Strikowsky Drachman & Shapiro PLLC, New York, NY (Theodore L. Hecht and Bruce M. Strikowsky of counsel), for respondents Lorraine Gillo, Department of Buildings of the City of New York, and City of New York.
Manning Gross + Massenburg LLP, New York, NY (Joshua S. Stern and Scott K. Winikow of counsel), for respondent Arcadis U.S., Inc.
Perry, Van Etten, Rozanski & Kutner, LLP, New York, NY (Jerome S. Oliner of counsel), for respondent Applemon Engineering, PLLC.
Gallo Vitucci Klar LLP, New York, NY (Sean R. Hutchinson of counsel), for respondent Northeast Remsco Construction, Inc.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and James Freire of counsel), for respondent Underpinning & Foundation Skanska, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 17, 2023. The order granted the separate motions of the defendants Lorraine Grillo, Department of Buildings of the City of New York, and City of New York, the defendant Arcadis U.S., Inc., the defendant Applemon Engineering, PLLC, the defendant Northeast Remsco Construction, Inc., and the defendant Underpinning & Foundation Skanska, Inc., for summary judgment dismissing so much of the amended complaint as was based upon a theory of strict liability insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendants Lorraine Grillo, Department of Buildings of the City of New York, and City of New York, the defendant Arcadis U.S., Inc., the defendant Applemon Engineering, PLLC, the defendant Northeast Remsco Construction, Inc., and the defendant Underpinning & Foundation Skanska, Inc., for summary judgment dismissing so much of the amended complaint as was based upon a theory of strict liability insofar as asserted against each of them are denied.
The plaintiff K.K. Machine Co., Inc., of which the plaintiff Karel Hajek is the president, is a precision machining company and manufacturer of airplane landing gear, with a manufacturing facility located in Queens. In 2015, the defendant City of New York began work to replace sewers in the vicinity of the plaintiffs' property and sent certain applications to the plaintiffs to allow the City to perform underpinning work at the plaintiffs' building. The plaintiffs did not sign the applications, the City's request to perform the underpinning work was abandoned, and the City's work on the sewers adjacent to the plaintiffs' property was postponed.
In 2019, the City resumed the project to replace the sewers adjacent to the plaintiffs' property. The City had decided, instead of seeking to perform underpinning work on the plaintiffs' property, to install secant piles on its own property, adjacent to the plaintiffs' property, so as to protect the plaintiffs' property during the excavation necessary to replace the sewers. The City sent the plaintiffs a letter and consent forms in August 2019 detailing the work to be performed and requesting access to the plaintiffs' property to perform surveys and inspections, take photographs of the conditions of their building, and install monitoring points and vibration monitoring devices on their property.
The plaintiffs responded that they would sign the consent forms upon being added as additional insureds to the contractor's liability insurance policy. According to the plaintiffs, they then had a meeting at the City's request on October 21, 2019, with representatives of the City and the defendant Arcadis U.S., Inc. (hereinafter Arcadis), during which those defendants agreed to provide insurance and other protections to the plaintiffs during the work on the sewers. The plaintiffs sent a letter to the City setting forth certain conditions of the plaintiffs' consent, which the letter asserted were "verbally promised" by the City's contractor at the October 21, 2019 meeting. The City did not sign the plaintiffs' letter as requested, did not access the plaintiffs' property, and performed the installation of the secant piles and excavation work adjacent to the plaintiffs' property.
The plaintiffs thereafter commenced this action, inter alia, to recover damages to their property that they alleged were caused by the excavation work. The City and the defendants Lorraine Grillo and Department of Buildings of the City of New York, Arcadis, the defendant Applemon Engineering, PLLC (hereinafter Applemon), the defendant Northeast Remsco Construction, Inc., and the defendant Underpinning & Foundation Skanska, Inc. (hereinafter collectively the moving defendants), separately moved for summary judgment dismissing so much of the amended complaint as was based upon a theory of strict liability pursuant to New York City Building Code (Administrative Code of City of NY, title 28, ch 7) § BC 3309.4 insofar as asserted against each of them. In an order entered October 17, 2023, the Supreme Court granted the separate motions. The plaintiffs appeal.
"The New York City Building Code includes provisions protecting adjoining property from damage during construction or demolition work" (211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d 69, 71; see NY City Bldg Code § BC 3309). New York City Building Code § BC 3309.4 "imposes strict or absolute liability in the context of excavation work that causes damage to adjoining property" (211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d at 81; see American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d 903, 905; see also Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481, 486). Section BC 3309.4 provides, in pertinent part: "Whenever soil or foundation work occurs, regardless of the depth of such, the person who causes such to be made shall, at all times during the course of such work and at his or her own expense, preserve and protect from damage any adjoining structures." This law "embod[ies] the specific legislative policy that in New York City those who undertake excavation work, rather than those whose interest in neighboring land is harmed by it, should bear its costs" (Yenem Corp. v 281 Broadway Holdings, 18 NY3d at 491).
"To enable a party who causes an excavation to be made to comply with its obligation to protect adjoining property, section BC 3309.4 imposes on the adjoining property owner the responsibility of affording a license to enter, inspect, and perform such work on the adjoining property as is necessary to protect it during the work" (211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d at 81). "Where a license, though duly requested, is refused or is not provided by the adjoining [*2]property owner, the obligation to protect the adjacent property devolves to the adjoining property owner" (id.).
Here, the moving defendants argued that they were entitled to summary judgment dismissing so much of the amended complaint as was based upon a theory of strict liability insofar as asserted against each of them because the plaintiffs effectively refused to grant a license to access their property so as to allow the moving defendants to provide protection and, thus, the duty of protection devolved to the plaintiffs. As the Supreme Court properly concluded, the moving defendants demonstrated, prima facie, through the City's August 2019 letter that the City duly requested permission to access the plaintiffs' property, including to perform inspections and install monitoring devices, so as to enable it to provide protection as required by section BC 3309.4. However, the moving defendants failed to eliminate triable issues of fact as to whether the plaintiffs refused to grant such a license, as the moving defendants claimed. The moving defendants' submissions included evidence raising triable issues of fact as to whether the plaintiffs communicated their assent to the requested access under conditions agreed to by the City. Accordingly, the court erred in granting the moving defendants' separate motions.
As an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 543), Applemon and Arcadis argue that their motions for summary judgment were properly granted because they were not parties who "cause[d] such [soil or foundation work] to be made" (NY City Bldg Code § BC 3309.4) and, thus, were not subject to the strict liability imposed under section BC 3309.4. This contention is without merit, as, with respect to that contention, those defendants did not meet their initial evidentiary burden as the movants (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiffs' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court